CHARLES YOUNG V. STATE

No. 32,651. December 14, 1960

Motion for Rehearing Overruled January 25, 1961

*Sidney E. Dawson, Walter L. Wray,* (On Appeal), Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jerome Chamberlain, Dan Stansbury, Jim Miller, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The primary offense is a felony theft, with two prior convictions for burglary alleged for enhancement; the punishment, life.

The testimony shows that Kay Nesom as the business manager of a company had the care, control, and management of its property, which included a sound recorder of over the value of fifty dollars, when it was missed from the place of business June 1, 1959; that Kay Nesom next saw it when she identified it at the police station as the one taken from her June 1, and that she did not give anyone her consent to take it.

Appellant was identified at the trial by Kay Nesom and Charles Thompson as the same person they had seen in the company's place of business on several different dates before the recorder was missing.

It was further shown that about one month prior to July 21, 1959, the appellant brought the sound recorder to his apartment where he used and kept it until the officer removed it on July 21 and carried it to the police station where Kay Nesom on July 22 identified it as the one taken from her company on June 1.

The evidence further shows that the appellant was the same person that, prior to the date of the commission of the primary offense, had been convicted of two felonies less than capital as alleged in the indictment.

Appellant did not testify or offer any evidence in his behalf.

The court charged upon the law applicable to circumstantial evidence.

Appellant contends that the grand jury of Dallas County was not authorized to use the prior convictions in the indictment because they occurred in Kaufman County.

They were used only for the enhancement of the punishment, hence no error appears. 21 Tex Jur. 119, Sec. 37; Punchard v. State, 142 Tex Cr. Rep. 531, 154 S.W. 2d 648.

It is urged that the punishment assessed is excessive, cruel, and unusual, therefore it violates the provisions of Art. 1, Sec. 13 of the Texas Constitution.

The punishment imposed was within the limits authorized by statute. From the record, there appears no error in the punishment assessed. 16 Tex Jur. 2d 120, Sec. 19; Lambright v. State, 167 Tex Cr. Rep. 96, 318 S.W. 2d 653.

500

The complaint of the hearing of the motion for new trial by a judge who did not try the case on the merits cannot be sustained in the absence of a showing that he was disqualified. 31 Tex. Jur. 329, Sec. 122.

The other contentions presented have been considered and they do not show error.

The judgment is affirmed.

Opinion approved by the Court