Robert J. MACKIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35531.

Court of Criminal Appeals of Texas.

March 27, 1963.

Rehearing Denied May 15, 1963.

Clyde W. Woody, James C. Brough, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft, with two prior convictions for felonies alleged for enhancement; the punishment, life.

The indictment charged the primary offense of automobile theft from Charles L. Darnell, a prior conviction of felony theft resulting in a conviction on January 4, 1955, and another conviction for felony theft resulting in a conviction on November 7, 1952.

A statement of the nature of this case will be greatly simplified by setting forth appellant's defense which he developed through questioning Captain Brown of the automobile theft division of the Houston police whom he called as a witness. Brown testified that sometime after his arrest for the primary offense appellant admitted that he was a receiver of stolen property but denied that he was the thief. He stated that it was his modus operandi to drive around with another man (whose identity he refused to disclose) and pick out the cleanest automobile that could be found to match a certificate of title and "serial plate" which had come into his possession by virtue of his employment in an automobile junk yard, then change the license plates and serial number from the junked automobile to the stolen automobile, which he then sold. He admitted receiving the Darnell 1953 Ford, switching the license plates and serial number and driving it to the Rio Grande Valley, where he sold it. From this information, the officers were able to recover the Darnell Ford. The jury were instructed to acquit if they found that appellant was a receiver and was not present when the Darnell Ford was stolen.

The facts will be more fully developed as we discuss appellant's contentions advanced by brief and in argument.

His first contention is that the State failed to prove that the offense which resulted in the 1955 conviction was committed subsequent to the 1952 conviction. Reliance is had upon Rogers v. State, Tex.Cr.App., 333 S.W.2d 383, and Gibbs v. State, Tex. Cr.App., 336 S.W.2d 625, but the case at bar is clearly distinguishable from either case for the following reasons. The indictment which resulted in the 1955 conviction introduced in evidence charged that appellant stole an automobile from one M. C. Vancleave on or about October 13, 1954. Officer Scarborough testified that on the same day charged in the indictment he arrested a Robert James Mackie in connection with that theft, took the said Mackie along with the stolen automobile out to the Greens Bayou area and delivered the automobile to a man by the name of Vancleave whom he knew well, and carried the Robert James Mackie he had in custody to jail and filed on him for felony theft. Though he said "his general appearance is the only thing I have" to identify appellant as the Robert James Mackie he arrested in 1954, he did testify that on October 13, 1954, he arrested a Robert James Mackie for the theft of an automobile from the Mr. Vancleave whom he had known for a long time, returned the automobile to Vancleave, and carried Mackie to jail. These facts clearly distinguish this case from Rogers and are sufficient to show that the 1955 conviction was for an offense which occurred after the 1952 conviction.

We are unable to comprehend appellant's contention that the indictment which result-

ed in the 1955 conviction constituted no proof because the same did not conclude with the phrase "against the peace and dignity of the State." While it is true that the court did sustain appellant's objection to the second page of the 1955 indictment, the instrument which appears in the record before us, approved by counsel, does contain the phrase mentioned.

 We overrule appellant's complaint as to the sequence in which the prior convictions and the primary offense were plead. In addition to Clifton v. State, 156 Tex.Cr.R. 655, 246 S.W.2d 201, and White v. State, 157 Tex.Cr.R. 171, 247 S.W.2d 396 (cited by appellant), we call attention to Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182, which holds that where the matters are set forth in chronological order the indictment is sufficient.

We again uphold the constitutionality of Article 63, Vernon's Ann.P.C., as we did in Ex parte Breen, Tex.Cr.App., 353 S.W.2d 233, and Finley v. State, 161 Tex.Cr.R. 458, 278 S.W.2d 864.

We find no merit in appellant's complaint, if we considered that it was properly before us, as to the indictment which alleged in part "appropriate *to* to the use and benefit." In Lewallen v. State, 48 Tex.Cr.R. 283, 87 S.W. 1159, it was held the use of the word "is" instead of "his" would not vitiate the indictment.

We need not discuss the question as to the admissibility of the certificate of title because appellant introduced proof that he received the Darnell Ford and sold it after altering it.

We overrule appellant's contention that the evidence is insufficient to support the conviction because the indictment alleged that the courts in which the prior convictions had occurred had jurisdiction of said offenses. We take judicial knowledge of the jurisdiction of district courts, and presume that venue was proved.

Appellant contends that, since he elicited testimony from his own witness Officer Brown that when first questioned he had explained his possession of the recently stolen property, he may not be convicted of theft. Without further discussion, we observe that appellant developed this testimony and not the State, and the State is not bound thereby.

We have repeatedly approved the method of proof as to the prior convictions. Reyes v. State, Tex.Cr.App., 353 S.W.2d 450; Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154, and cases there cited.

We find the evidence sufficient to support the conviction.

The judgment and sentence are reformed to find appellant guilty of felony theft and that he had theretofore twice been convicted of felonies, and, as reformed, the judgment is affirmed.