**Leon SPENCER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37921.**

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied May 5, 1965.

Bill Waltrip, Michael D. Matheny, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Jim Vollers, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is murder; the punishment, enhanced under Art. 64, Vernon's Ann.P.C., death.

Art. 64, V.A.P.C. provides that a person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary.

The testimony reflects that appellant and deceased had lived together for about four or five years and had separated in October or November, 1963. On January 7, 1964, around 7:30 P.M., deceased was at her home in the City of Beaumont with her two sons, aged fourteen and eight, and her daughter, about eighteen years of age, and her daughter's twenty month old baby. As deceased was lying on the bed playing with the baby the appellant walked into the house, entered the room where deceased was and almost immediately fired one shot with a pistol. The shot hit deceased in the face, and she fell off the bed. Deceased's daughter, who was in the room at the time this occurred, jumped over the bed and lay down on top of deceased to protect her. At that time appellant walked around the bed, pulled deceased's daughter up and fired four more shots into deceased's face and head. Appellant was attacked at that time by deceased's fourteen year old son who had seen part of this occurrence. Appellant knocked the knife out of the son's hand and walked out of the front door of the house where he stopped and appeared to be either loading or unloading the pistol. The deceased's daughter ran out of the house after him and when she fell down, appellant looked back at her and told her her mother was no good and then he grinned.

After leaving the house where the shooting occurred, appellant walked into the Sheriff's Office at approximately 8:15 P.M. and had in his possession a .22 caliber pistol containing three live shells and three spent cartridge cases. This pistol was proved to have been purchased by the appellant from Phillips Pawn Shop in the City of Beaumont between 4:00 P.M. and 5:30 P.M. on January 7, 1964.

The cause of the deceased's death was established by medical testimony showing that she had died as a result of gunshot wounds to the brain.

The State proved that the defendant had been previously convicted of the offense of murder with malice as alleged in the indictment.

We find the evidence sufficient to sustain the verdict.

Appellant offered to stipulate, prior to the trial, that he had been previously convicted of murder as alleged in the second count of the indictment. Upon making this offer appellant moved the trial court to instruct the state not to read the portion of the indictment which referred to the prior conviction

and not to offer any proof of said prior conviction, which motion was denied.

Appellant also objected to the reading of the indictment, and after the reading of the indictment alleging the prior conviction, he moved for a mistrial and also objected to any and all testimony in regard to the first conviction.

Appellant bottoms the foregoing contentions upon the theory that the trial court denied him due process of law by sanctioning this procedure on the part of the state before the determination of his guilt on the primary offense. He contends that there was no fact issue for the determination of the jury as to his identity or the validity of the prior conviction.

Appellant also contends that Art. 64, V.A.P.C. is unconstitutional for the reason that it places the accused in double jeopardy in that this statutory provision uses the fact of the preceding offense to establish an element of the primary offense.

We shall dispose of these three related contentions together, as the parties have done in their briefs. We have consistently held that the procedure of reading an indictment to a jury showing that the person on trial has been previously convicted is not a violation of due process of law. We held in Wright v. State, Tex.Cr. App., 364 S.W.2d 384, a case in which the appellant there offered to judicially confess and stipulate as to his former conviction instead of the state offering proof of the prior conviction, that the state could not be prevented from making proof of the prior alleged conviction. Wright's conviction was under Art. 64, V.A.P.C.

In Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864, this Court, speaking through this scrivener, did announce a new rule *in those cases where "[t]he jury has no choice in imposing punishment* if it finds the appellant guilty and that he has been previously convicted." We said: "Thus, if accused stipulates the prior conviction, that issue is resolved and the question of guilt is all that remains." We are convinced of the soundness of this rule, but *it is not applicable to cases coming under Art. 64, supra.* The jury does have a choice in imposing punishment under Art. 64, as may be seen from the foregoing terms of this article.

Since appellant's contentions have been before this Court numerous times, we shall not enter into a detailed discussion. His contentions have been adversely decided by this Court in the rather recent case of Crocker v. State, 385 S.W.2d 392, and the very recent case of Wigginton v. State, Tex.Cr.App., 386 S.W.2d 532, and cases there cited.

We adhere to these prior holdings and overrule appellant's contentions.

We have examined with great care appellant's remaining contentions, but we find no error reflected by them. It would contribute nothing to the jurisprudence of this state by discussing them here.

Finding no reversible error, the judgment is affirmed.