Roscoe **CHERRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42269.

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Rehearing Denied Dec. 3, 1969.

---

1. See Article 38.22, Sec. (c), Vernon's Ann.C.C.P.

David J. Candish, Dallas (Court Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., Dallas, Charles Erwin, James A. Mills, Jr., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault with a prior conviction alleged for enhancement under the provisions of Article 62, Vernon's Ann.P.C.; the punishment, life.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction.

Bobby French, owner of Mack's Liquor Store in Dallas County, testified that about 5 p. m. on September 2, 1967, while he and a customer Pat Ivory Brashear, were watching television appellant and three other colored males entered the store; that they brought a bottle of wine to the counter and began discussing the purchase of peanuts when one of them pulled a pistol on him and said, "You know what this is; give me the money"; that he then observed the appellant was also pointing a pistol at him; that all four men were armed; that he was struck several times in the head and approximately $500 was taken without his consent from the cash register and sack under the counter while he was in fear of his life or serious bodily injury; that one of the four men fired a shot inside the store before they departed.

Pat Ivory Brashear, the customer, corroborated French's testimony but he was not able to identify the appellant as had French. He explained that from his position in the store he did not get "a look" at any of the men "in the face."

The appellant did not testify or call any witnesses in his behalf.

Viewed in the light most favorable to the State's case, we deem the evidence clearly sufficient to support the jury's verdict. We are not impressed with appellant's argument that since French testified he had never seen the appellant before the time of the robbery and the incident transpired within three or four minutes, his positive in-court identification was inconclusive.

Ground of error #1 is overruled.

We find no merit in appellant's claim that Brashear was an incompetent witness since he was unable to identify appellant as a participant in the robbery and since his testimony was cumulative of French's testimony. Ground of error #2 is overruled.

Next appellant complains of the introduction into evidence of State's Exhibit 10–D at the penalty stage of the hearing before the jury. State's Exhibit 10 was the certified records of the Texas Department of Corrections reflecting that Roscoe Cherry was convicted of burglary of a private residence at nighttime in Criminal District Court No. 2 of Dallas County in 1959. Part D of said Exhibit 10 was a set of fingerprints included in the prison records. It appears to be appellant's claim that the same was inadmissible because the signature on the set of prints was "Roscoe Cherry, Jr." rather than "Roscoe Cherry." It is well established that the suffix "Jr." or "Sr." forms no part of a person's legal name and may be rejected as surplusage.

See 1 Branch's Ann.P.C., 2nd ed., Sec. 481, p. 469. Further, we note that the fingerprint expert subsequently called as a witness identified such prints as belonging to the appellant.

Ground of error #3 is overruled.

■ It is not necessary that prior convictions be alleged in the indictment before they are admissible as a part of an accused's "prior criminal record" at the penalty stage of a bifurcated trial under the provisions of Article 37.07, Vernon's Ann. C.C.P. Murphy v. State, Tex.Cr.App., 424 S.W.2d 231. It, therefore, follows that when prior convictions are alleged in the indictment, the State is not limited to such alleged convictions, at the penalty stage of the trial, but may offer all convictions admissible as the accused's "prior criminal record."

Ground of error #4 is overruled.

■ Gunn, the fingerprint expert, related that he had taken a set of fingerprints from appellant a week before trial while the appellant was confined in jail and had compared such set with the fingerprints in the prison records.

Harrington v. State, Tex.Cr.App., 424 S.W.2d 237, has been decided contrary to appellant's contention that fingerprints taken under such circumstances were inadmissible and in violation of his privilege against self-incrimination. See also Trammell v. State, Tex.Cr.App., 445 S.W.2d 190; Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Washington v. State, Tex.Cr.App., 434 S.W.2d 138.

The expert witness was properly qualified, see Harrington v. State, supra, and we find no objection in the record to the failure of the witness to testify concerning "points of minutiea" about which the appellant now complains. After the witness had testified as to his conclusion that the fingerprints were made by the same person he was subject to cross-examination. Ground of error #5 is overruled.

■ In grounds of error #6 and #8 appellant complains of the State's jury argument. In his argument at the penalty stage the prosecutor pointed out that appellant had now "broken the felony laws of this state * * * three times. * * * I tell you that this man has dedicated his life to a life of crime. He feels like the law does not apply * * *."

Such argument was interrupted by an objection which was sustained, though the motion for mistrial was overruled. No jury instruction was requested. Thereafter the prosecutor, stating he was making a reasonable deduction from the evidence, made substantially the same argument without objection. We perceive no error.

The other argument concerning appellant "and his buddies" was not objected to and appears to be a reasonable deduction from the evidence.

Grounds of error #6 and #8 are overruled.

■ Prior to trial the court granted appellant's motion to require the State to list on the back of the indictment (not the witnesses who appeared before the grand jury but) the names of all persons the State expected to call as witnesses. The State listed 12 witnesses, ten of whom were apparently police officers.

We find no merit in appellant's contention that the court, *on its own motion*, should have instructed a verdict of not guilty when the State failed to call all such witnesses listed. Grounds of error #7 and #9 are overruled.

■ The enhanced penalty statutes have been held valid against all constitutional attack. 1 Branch's Ann.P.C., 2nd ed., Sec. 698, p. 681. See also Mackie v. State, Tex. Cr.App., 367 S.W.2d 697; Young v. State, 170 Tex.Cr.R. 498, 341 S.W.2d 911; Spencer v. State, Tex.Cr.App., 389 S.W.2d 304; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804. We cannot agree with appellant that such statutes constitute cruel and unusual

punishment or result in double jeopardy in violation of state and federal constitutional provisions. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, 611 and cases there cited. Grounds of error #10 and #11 are overruled.

■ By the term "same offense" as used in Article 62, supra, as to repetition of offenses is meant a similar offense, one of the same nature or character. See 1 Branch's Ann.P.C., 2nd ed., Sec. 698.

Felony theft and burglary with intent to commit theft, robbery by assault and burglary with intent to commit theft, felony theft and robbery by assault, have been held to be offenses of the same nature. Schmeideberg v. State, Tex.Cr.App., 415 S.W.2d 425; Reynolds v. State, 166 Tex.Cr.R. 83, 311 S.W.2d 848; Davis v. State, 167 Tex. Cr.R. 524, 321 S.W.2d 873; Thompson v. State, 170 Tex.Cr.R. 258, 339 S.W.2d 209; Kanaziz v. State, Tex.Cr.App., 382 S.W.2d 485.

The offense of robbery is but an aggravated form of theft. Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462, cert. den. 364 U.S. 935, 81 S.Ct. 386, 5 L.Ed.2d 369.

In Dickey v. State, supra, it was held that the felony offense of theft by false pretext by means of a worthless check is as a matter of law an offense of like character to the offense of robbery by assault even though the evidence shows that a firearm was used in the robbery.

■ We, therefore, hold that the offense of breaking and entering a coin operated machine with intent to commit theft (see Article 1402a, V.A.P.C.), sometimes referred to as burglary of a coin operated machine, is an offense of like character to the offense of robbery by assault.

The court did not err in refusing to grant appellant's motion to quash the second paragraph of the indictment charging a prior conviction for breaking and entering a coin operated machine. Ground of error #12 is overruled.

Lastly, appellant complains of the failure of the court to respond to a note from the jury during their deliberations on the issue of guilt. The note read simply:

"Testimony of Mr. French pertaining to *idenity* of the men.

(Signed) E. A. Morgan Foreman"

■ In careful compliance with Articles 36.28 and 36.27, V.A.C.C.P., the trial court instructed the jury in writing that before the reproduction of any testimony could be had the jury must indicate to the court their disagreement as to the testimony and then only the testimony on the particular point in dispute could be reproduced.

Thereafter the jury made no further request. No error is presented, Vasquez v. State, Tex.Cr.App., 415 S.W.2d 188, nor do we view the written instructions of the court to which there were no objections, as constituting a comment on the weight of the evidence.

Ground of error #13 is overruled.

The judgment is affirmed.