Lloyd Edward **FRANKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43402.

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

———◆———

Craig A. Washington, Sr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault. The punishment, enchanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

The State's evidence reflects that on January 6, 1969, Patricia Langbehn, manager of the Bayou DeVille Apartments in the city of Houston, was robbed at gunpoint by the appellant and his companion and approximately $4,700.00 was taken. The complaining witness and Rudolph Ellis, an employee at the said apartments, both identified the appellant as the man who held a gun on them during the course of the alleged offense.

■ In his first ground of error appellant complains of the unresponsive answer of Detective Dickerson to a question on direct examination. After the witness Dickerson related that he had arrested the ap-

pellant in Houston on January 10, 1969, by virtue of an arrest warrant he was asked:

"Q. Do you remember if you confiscated any firearms at the time you made that arrest?

"A. Yes, sir, we took two pistols—

"MR. CAHOON (Defense Counsel): Just a minute. Objection, if the Court please. He answered the question and that's not responsive.

"THE COURT: Sustained.

"MR. LAMBRIGHT (Prosecutor): Pass the witness."

The appellant contends the question should have been answered simply in the affirmative or negative. It is observed, however, that the appellant received all the relief he requested and is in no position to complain. See Drake v. State, Tex.Cr. App., 415 S.W.2d 184. The matter was not further pursued by the State, and no request for a jury instruction or mistrial was made. In Stanfield v. State, Tex.Cr. App., 450 S.W.2d 635, it was held that an objection to an unresponsive answer, when sustained, does not preserve reversible error unless the accused continues to object until he gets an unfavorable ruling.

Ground of error #1 is overruled.

■ Next, the appellant urges the court erred "in failing to instruct the jury to return a verdict of acquittal" because the State's principal witnesses, Langbehn and Ellis, contradicted each other in the description of the men who robbed them.

In Hudson v. State, 418 S.W.2d 813, this court said:

"The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. The jury may believe a witness though he has been contradicted, Navar v. State, Tex. Civ.App., 344 S.W.2d 188, and may accept a part of his testimony and disre-

gard the remainder. Gaston v. Bruton, 358 S.W.2d 207 (Court of Civil Appeals)." See also 62 Tex.Jur.2d, Witnesses, Secs. 370 and 371, pp. 437–447.

Ground of error #2 is overruled.

 Appellant also contends his defense of alibi was not rebutted by the State.

The State's witnesses placed the appellant at the scene of the alleged crime. He offered two alibi witnesses. The defense of alibi was submitted to and rejected by the jury.

In Johnson v. State, Tex.Cr.App., 449 S. W.2d 479, 480, it was pointed out that the fact that the State fails to call rebuttal witnesses after the accused's alibi witnesses have testified does not mean that the alibi testimony must be taken as undisputed. Alibi is a factual question. It is within the province of a jury to reject defensive theory of alibi and believe other testimony. Dreher v. State, 153 Tex.Cr.R. 398, 220 S.W.2d 170; Wiggington v. State, 153 Tex. Cr.R. 574, 223 S.W.2d 232.

Strong evidence that the defendant was at another place when the crime was committed would not justify the court in substituting its judgment for that of the jury. Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139.

Ground of error #3 is overruled.

 Lastly, appellant claims Article 62, V.A.P.C., is unconstitutional and its use in the case at bar resulted in a violation of the double jeopardy provisions of the state and federal constitutions. Cherry v. State, Tex. Cr.App., 447 S.W.2d 154, which, like the case at bar, involved a robbery conviction where the punishment was assessed at life by virtue of a prior conviction alleged for enhancement under Article 62, supra, has been decided contrary to appellant's contention. There this court wrote:

"The enhanced penalty statutes have been held valid against all constitutional

attack. 1 Branch's Ann.P.C., 2nd ed., Sec. 698, p. 681. See also Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Young v. State, 170 Tex.Cr.R. 498, 341 S.W.2d 911; Spencer v. State, Tex.Cr. App., 389 S.W.2d 304; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804. We cannot agree with appellant that such statutes constitute cruel and unusual punishment or result in double jeopardy in violation of state and federal constitutional provisions. See Spencer v. Texas, 385 U. S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, 611 and cases there cited."

See also 16 Tex.Jur.2d, Criminal Law, Secs. 403 and 404, pp. 624–626.

Ground of error #4 is overruled.

The judgment is affirmed.

ODOM, J., not participating.