**Roy Olga THRASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46773.**

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Preston DeShazo, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction of robbery, wherein the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

There is no contention of insufficiency of the evidence to support the conviction.

The evidence reflects that at about 7:00 P.M. on May 31, 1972, Adona Luzby, a cashier at a 7–11 store in Dallas, was robbed of approximately $230.00 while on duty in the store. Several fellow employees of the store, and one customer, made positive identification of appellant as the robber. The appellant did not testify.

Appellant in his first ground alleges that the court erred in allowing in evidence, over the objection of hearsay, a telephone conversation between appellant's father

and the complaining witness Mrs. Adona Luzby, in which the father told her that his son, appellant, was the man who had robbed her.

After the State had rested, the defense placed Roy Thrash, father of appellant, on the witness stand. He testified that he and appellant were together at the Lamar Club in Dallas "shooting pool" and drinking beer from 3:30 P.M. until 7:00 or 7:10 P.M., on the day in question, at which time appellant left to go to the Piedmont Apartments where he lived. This was about a 30 minute drive. The complainant and other State witnesses had previously testified that the robbery occurred around 7:00 o'clock P.M. An officer who was called to the scene testified he received his initial radio call to the robbery between 7:00 and 7:15 P.M.

On cross-examination, the State asked the witness whether he had a telephone conversation with Mrs. Adona Luzby [1] several hours after the robbery on the night of May 31, 1972. He answered in the negative. Over the objection of hearsay by appellant, the State was permitted to question the witness as follows:

"Q And you don't recall, then, having a conversation with Adona Luzby telling her that you heard that your son—

"MR. DeSHAZO: Judge, I object to this. He asked him the question and he denied it and the prosecutor is bound by his answer on this.

"THE COURT: Overruled.

"MR. DESHAZO: Please note our exception.

"Q (By Mr. Banks) [2] You don't recall saying, 'Adona, I've heard you've been robbed. Did my son hurt you

or threaten you? It was my boy. He's a bad boy, but I want to stand up for the girl. She is not guilty of anything'?

"A No, I never said that.

"Q You never said that?

"A Why no, I never said nothing like that."

Thereafter, the State recalled Adona Luzby, who testified over the objection of hearsay, that at about midnight of the day of the robbery, she received a telephone call from Roy Thrash, Sr., father of appellant, in which he asked whether she was hurt or threatened in the robbery, and told her that his son was the robber. He had previously testified that he had only one son.

█ This testimony was properly admitted by the court since it was inconsistent with and contradictory to the alibi testimony given by the witness on direct examination. The telephone conversation was not offered for the truth of the statements of the witness, but only to impeach the father's alibi testimony. The witness sought to convince the jury that his son could not have been the robber because he was with the witness at the time of the robbery. His statements to the complainant made a few hours after the robbery, that appellant committed the robbery, and expressing concern as to whether she had been hurt, were inconsistent with his alibi testimony given on direct examination.

█ It is a well established rule that where a proper predicate is laid, and a witness denies a prior inconsistent statement on a matter material to the case, the witness may be impeached by evidence of the inconsistent statement from other witnesses of the inconsistent statement. Rodgers v. State, Tex.Cr.App., 486 S.W.2d 794; Rat-

1. The evidence reflects that the witness was also an employee of the 7–11 chain of stores, and was well acquainted with the complainant.

2. The prosecuting attorney.

liff v. State, 165 Tex.Cr.R. 573, 309 S.W. 2d 242; Spinks v. State, 157 Tex.Cr.R. 612, 252 S.W.2d 159; Hutson v. State, 164 Tex.Cr.R. 24, 296 S.W.2d 245; Austin v. State, 95 Tex.Cr.R. 417, 254 S.W. 795.

The proper predicate was laid by apprising the witness Thrash, father of appellant, of the time, place, the person to whom the alleged statement was made, and the circumstances of the alleged conversation. Wilson v. State, 161 Tex.Cr.R. 152, 275 S.W.2d 798; Marshall v. State, Tex. Cr.App., 384 S.W.2d 893.

Appellant's reliance on Corley v. State, 160 Tex.Cr.R. 504, 272 S.W.2d 354, is misplaced. There, a defense witness was cross-examined on a matter not inconsistent with any of the witness' testimony on direct. The witness denied having made certain statements about which he was cross-examined. The State was then permitted to introduce hearsay evidence of prior statements by the witness inconsistent with the testimony given on cross-examination, but not inconsistent with any testimony given on direct examination. In reversing the judgment on rehearing, Judge Morrison, speaking for the Court, said:

"This manner of proof would appear to be in violation of the rule so concisely stated by Judge Lattimore in Austin v. State, 95 Tex.Cr.R. 417, 254 S.W. 795, 797, as follows, ' * * * if the state seeks to draw out new matter from a defense witness on cross-examination, and fails to elicit the desired answer, it is error to allow the state to impeach such witness by proof of the desired facts by other witnesses, and thus get hearsay evidence before the jury.' "

In the instant case, the complained of statement was inconsistent with and contradictory to the alibi testimony given by the witness on direct examination, and was admissible for impeachment. The first ground of error is overruled.

■ In his second and third grounds of error, appellant contends that Article 62, V.A.C.P., is unconstitutional because it is applied in an arbitrary and discriminatory manner by the State, and that a mandatory life sentence under the procedure declared in Articles 62 and 63, V.A.P.C., is cruel and unusual punishment. There is nothing in the record to indicate that the enhancement statutes, Articles 62 and 63, V.A.P.C., are being applied by the State in an arbitrary and discriminatory manner.

We quote as follows from Cherry v. State, Tex.Cr.App., 447 S.W.2d 154, 157:

"The enhanced penalty statutes have been held valid against all constitutional attack. 1 Branch's Ann.P.C., 2nd ed., Sec. 698, p. 681. See also Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Young v. State, 170 Tex.Cr.R. 498, 341 S.W.2d 911; Spencer v. State, Tex.Cr. App., 389 S.W.2d 304; Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804. We cannot agree with appellant that such statutes constitute cruel and unusual punishment or result in double jeopardy in violation of state and federal constitutional provisions. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, 611 and cases there cited."

See also Angle v. State, Tex.Cr.App., 501 S.W.2d 99 (1973); Cooper v. State, Tex. Cr.App., 492 S.W.2d 545; Emerson v. State, Tex.Cr.App., 476 S.W.2d 686; Flores v. State, Tex.Cr.App., 472 S.W.2d 146.

Appellant's second and third grounds are overruled.

The judgment is affirmed.

*Opinion approved by the Court.*