Jose **ARMENDARIZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50508.

Court of Criminal Appeals of Texas.

Nov. 12, 1975.

Jay L. Nye, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., John P. Bradford, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. Punishment, enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.42(d), was assessed at life.

The indictment alleged the primary offense occurred on or about April 6, 1974, and the record reflects that trial was in October, 1974.

Appellant contends that V.T.C.A. Penal Code, Sec. 12.42(d) "is being selectively applied by the District Attorney's Office of El Paso County, Texas, by using unjustifiable standards, arbitrary classifications which result in intentional and purposeful discrimination, thus depriving Appellant of his right to equal protection and due process under the law."

V.T.C.A. Penal Code, Sec. 12.42(d) provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous convic-

tion having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

Appellant made a motion to quash the indictment, and at a hearing out of the presence of the jury testimony was elicited from the prosecutor that where pen papers were not available a defendant is normally indicted for the primary offense. If pen papers are subsequently obtained and a disposition of the case has not been made, "the normal procedure will be if there is to be a trial that the man be re-indicted as a habitual." It was further developed in the instant case that plea bargaining on the original indictment charging the primary offense had broken down and appellant was re-indicted as an habitual. The district attorney stated that the time in obtaining pen papers varies and "many times the State is forced to trial by an alert defense attorney prior to the time that the pen papers are available and therefore prior convictions cannot be alleged in the indictment because they cannot be proved." Appellant points to the testimony of the prosecutor relative to four cases where individuals, who had prior convictions, were not indicted under the appropriate habitual statute (since 1972).

■ The burden of showing intentional and purposeful discrimination in application of the law against an individual to prove denial of due process is a heavy one.

In *Super X Drugs of Texas, Inc. v. State*, 505 S.W.2d 333 (Tex.Civ.App., Houston, 1974, no writ history), it was stated:

"More must be shown than mere unequal application of a state statute to prove a violation of the equal protection clause of the fourteenth amendment to the United States Constitution. It is not sufficient to show only that the law is enforced against some and not others. There must be a showing of actual and purposeful

discrimination against the individual himself or against a suspect classification in which he falls (such as wealth, religion, or race), with no proper justifying governmental purpose in such classification. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Moss v. Hornig*, 314 F.2d 89 (2nd Cir. 1963)."

Many cases are collated under Art. 63, V.A.P.C.,[1] the forerunner of the present statute, which reflect that the State often encounters insurmountable problems in proving prior convictions under the habitual statutes. In addition, defects in prior convictions, such as the absence of counsel to represent an indigent defendant, often render prior convictions unusable. These factors would appear to further complicate the problem of showing "actual and purposeful discrimination."

■ We are not persuaded by appellant's additional argument that 12.42(d), supra, permits the arbitrary infliction of cruel and unusual punishment with no standards or guidelines and is thereby violative of the Eighth and Fourteenth Amendments of the United States Constitution under the United States Supreme Court holding in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

In *Thrash v. State*, Tex.Cr.App., 500 S.W.2d 834, this Court quoted from *Cherry v. State*, Tex.Cr.App., 447 S.W.2d 154, where it was stated:

"The enhanced penalty statutes have been held valid against all constitutional attack. 1 Branch's Ann.P.C., 2nd ed., Sec. 698, p. 681. See also *Mackie v. State*, Tex.Cr.App., 367 S.W.2d 697; *Young v. State*, 170 Tex.Cr.R. 498, 341 S.W.2d 911; *Spencer v. State*, Tex.Cr.App., 389 S.W.2d 304; *Ex parte Reyes*, Tex.Cr.App., 383 S.W.2d 804. We cannot agree with appellant that such statutes constitute cruel and unusual punishment or result in dou-

---

1. Art. 63, V.A.P.C. provided:
   "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

**528**

ble jeopardy in violation of state and federal constitutional provisions. See *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, 611 and cases there cited."

 We find that the evidence does not support appellant's contention that 12.42(d), supra, is being applied in such a manner as to result in "intentional and purposeful discrimination." See *Resendez v. State*, Tex. Cr.App., 523 S.W.2d 700.

Appellant contends "the correction of the charge and recharge of the jury by the Trial Court, over defense counsel's objection, constituted a comment on the weight of the evidence and argument of defense counsel resulting in the erroneous conviction of Appellant."

The indictment alleging the prior conviction of possession of paraphernalia for using narcotic drugs recited that the conviction occurred on May 13, 1963, in the District Court of El Paso County in Cause No. 19,637, without reciting the number of the District Court. In the court's charge at the punishment stage of the trial, it was required that the jury find that the appellant was convicted in such cause "in the 34th Judicial District Court of El Paso County. . . ." Appellant in his argument to the jury pointed out that it was not proven that appellant was convicted of the prior offense in question in the 34th District Court. At the conclusion of appellant's argument, the jury was retired and the court advised counsel that he was going to delete "34th" from the charge. Appellant objected to such corrected charge as "telling the jury that the defense counsel's argument was totally wrong" and moved for a mistrial. When the jury returned, the court advised the jury that there was a clerical error in the charge and pointed to the deletion of "34th" and reread that portion of the charge to the jury leaving out "34th." The court allowed appellant to reopen argument and the record reflects that appellant availed himself of such offer.

While appellant voiced an oral objection to the corrected charge, no written objection was made as required by Art. 36.14, V.A.C.C.P. *McClennon v. State*, Tex. Cr.App., 492 S.W.2d 524. Objections to the court's charge do not preserve error unless timely made in writing.

The judgment is affirmed.

ODOM, J., concurs in result.

DOUGLAS, J., not participating.