Tommy PASSMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 52195.

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Rehearing Denied Jan. 5, 1977.

**400**

Harris E. Lofthus, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal stems from a conviction for counterfeiting a driver's license, to-wit: an operator's license, under the provisions of Article 6687b, § 44A(a), Vernon's Ann.C.S. After a finding of guilty by the jury, the jury also found that appellant had been twice previously convicted of felonies as alleged in the indictment. In accordance with V.T.C.A., Penal Code, § 12.42(d), the trial court sentenced appellant to life imprisonment.

On appeal appellant attacks the statute forming the basis of the prosecution, contends the evidence was insufficient to corroborate the accomplice witness, that the court erred in refusing to submit the issue of accomplice witness to the jury, and the court erred in imposing a life sentence since one of the prior convictions was for an offense which is no longer classified as a felony.

Appellant contends that Article 6687b, § 44A(a), supra, is so broad and indefinite that it is unconstitutional. He urges that the "statute ought to be sent back to the Department of Public Safety with instructions to have a lawyer look at it."

Article 6687b, § 44A(a), supra, as amended by Acts 1971, 62nd Leg., p. 2916, ch. 966, provides:

"Any person who shall print, engrave, copy, photograph, make, issue, sell, or circulate, or who shall possess or have in his possession with intent to use, sell, circulate, or who shall possess or have in his possession with intent to use, sell, circulate, or pass, any forged or counterfeit driver's license, driver's license form, stamp, permit, license, official signature, certificate, evidence of fee payment, or any other instrument which has not been printed, manufactured, or made by or under the direction of, or issued, sold, or circulated by or under the direction of the person, board, agency, or authority authorized to do so by the provisions of this Act, shall be guilty of a felony and upon conviction shall be punished by confine-

ment in the State penitentiary for a term of not less than two (2) years nor more than five (5) years."

■ Fair play and the demands of due process require that the terms of a penal statute be sufficiently explicit to inform those subject to it what conduct will render a person liable to its penalties. The test is whether the terms are so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Connally v. General Const. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Powell v. State,* 538 S.W.2d 617 (Tex.Cr. App.1976).

■ No specific challenge is made to any term or phrase by the appellant or to any overbreadth of the statute. Appellant simply argues that the statute "fails to meet any standard of statutory construction." Contrary to such assertion, we hold that Article 6687b, § 44A(a), supra, was sufficient to give the appellant adequate notice of the prohibited conduct. A statute is not rendered unconstitutionally vague merely because the words or terms therein are not specifically defined. *Powell v. State,* supra.

Appellant's contention is overruled.

Next appellant claims that the court erred in failing to grant his motion for instructed verdict because the evidence was insufficient to corroborate the accomplice witness. See Article 38.14, Vernon's Ann.C. C.P.

The record shows that Charles Baylor, a special agent with the Alcohol, Tobacco and Firearms Division of the United States Treasury Department, was assigned in January, 1975 to work as an undercover agent in an investigation involving the trafficking of illegal weapons between Texas and New Jersey. In the course of this investigation Baylor met the appellant in Amarillo. Concerning the events prior to appellant's making the counterfeit license, Baylor testified:

"Q. Now, what, if anything, occurred during a conversation with Tommy Passmore on March the 4th, 1975?

"* * * *

"A. At that time I had known him for over a month, I guess, or around a month, and at that time he made me a Texas drivers license, a fictitious Texas drivers license.

"Q. All right. Now, Mr. Baylor, did you ask him to make you this drivers license?

"A. No sir.

"Q. How did it come up in the conversation, if you recall?

"A. I was posing as a resident of the State of New Jersey, and in New Jersey you can't buy guns as readily or as available as you can in Texas.

In Texas all you have to do is show proof that you are a resident of the State of Texas, and we had already had some transactions and he had volunteered to make me a drivers license so I could buy guns anywhere in the State of Texas."

■ The testimony reflects that Baylor did not ask the appellant to make the operator's license in question but that appellant volunteered to make the same. An undercover agent is not an accomplice witness so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in criminal conduct. *Pearce v. State,* 513 S.W.2d 539 (Tex.Cr. App.1974), and cases there cited. Since the facts of the instant case do not show that Baylor was an accomplice witness, Article 38.14, Vernon's Ann.C.C.P., was not applicable and the court did not err in overruling the motion for instructed verdict.

Appellant's contention that the court erred in refusing his special requested charge as to accomplice witness testimony is likewise without merit for the same reason. Baylor was neither an accomplice witness as a matter of law nor was a fact issue as to his status as an accomplice witness raised.

Appellant also complains the court erred in imposing a life sentence since one of the prior convictions used for enhancement of punishment is no longer classified as a felony under the new Penal Code. The prior

conviction to which reference is made is a 1967 conviction for theft over $50.00, which was then a felony. He contends that such offense is now classified as a Class A misdemeanor. V.T.C.A., Penal Code, § 31.03(d), provides:

"An offense under this section is:

" * * *

"(3) a Class A misdemeanor if the value of the property stolen is $20 or more but less than $200."

■ First, we observe there is nothing in the record to show the property which was the subject of the 1967 conviction had a value of less than $200.00, but even this is immaterial. *Moreno v. State,* 541 S.W.2d 170 (Tex.Cr.App.1976), has been decided adversely to appellant's contention. There the court said that the question was controlled by V.T.C.A., Penal Code, § 12.41, which provides for enhancement purposes " . . . any conviction not obtained from a prosecution under *this code* shall be classified as follows: (1) 'felony of the third degree' if confinement in a penitentiary is affixed to the offense as a possible punishment. . . ." (Emphasis Added.) Since the 1967 felony conviction was not a conviction under the current Penal Code but under the former Penal Code and carried confinement in the Department of Corrections as punishment, it is considered a felony of the third degree for purposes of enhancement of punishment. See *Moreno v. State,* supra.

■ Lastly appellant urges that mandatory life imprisonment for habitual offenders under V.T.C.A., Penal Code, § 12.42(d), constitutes jeopardy.[1]

Former Article 63 (Vernon's Ann.P.C., 1925), contained similar provisions as said § 12.42(d), and that statute and other enhanced penalty statutes have been held valid against all constitutional attack. 1 Branch's Ann.P.C., 2nd ed., § 698, p. 681. See also *Mackie v. State,* 367 S.W.2d 697

(Tex.Cr.App.1963); *Young v. State,* 170 Tex.Cr.R. 498, 341 S.W.2d 911 (1960); *Ex parte Reyes,* 383 S.W.2d 804 (Tex.Cr.App. 1964); *Cherry v. State,* 447 S.W.2d 154 (Tex.Cr.App.1969); *Cooper v. State,* 492 S.W.2d 545 (Tex.Cr.App.1973); *Thrash v. State,* 500 S.W.2d 834 (Tex.Cr.App.1973).

These same enhanced penalty statutes under the former Code have been held not to place a defendant in double jeopardy by use of prior convictions to enhance punishment. See *Mullins v. State,* 409 S.W.2d 869 (Tex.Cr.App.1966) (former Article 63); *Franks v. State,* 462 S.W.2d 287 (Tex.Cr. App.1971) (former Article 62); *Cherry v. State,* supra (former Article 62); *Spencer v. State,* 389 S.W.2d 304 (Tex.Cr.App.1965), affirmed 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, reh. den. 386 U.S. 965, 969, 87 S.Ct. 1015, 18 L.Ed.2d 125. See also *Woodard v. Beto,* 447 F.2d 103 (5th Cir. 1971), cert. den. 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275.

In *Spencer v. Texas,* supra, the United States Supreme Court held that due process does not prevent States from enacting habitual criminal statutes and from admitting evidence during trial tending to prove allegations required under the statutory scheme.

In the early case of *Regina v. Clark, Dears, 198–201,* Lord Campbell stated:

"A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact." See also *Long v. State,* 36 Tex. 6 (1871).

In *Punchard v. State,* 142 Tex.Cr.R. 531, 154 S.W.2d 648 (1941), it was held that a conviction under the "habitual criminal" statute is not a conviction of an offense of being a habitual criminal, since the statute

---

1. V.T.C.A., Penal Code, § 12.42(d), provides:
"(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

is one of punishment and does not create an offense. See also *Ex parte Burch,* 267 S.W.2d 560 (Tex.Cr.App.1954); *Robinson v. State,* 163 Tex.Cr.R. 499, 293 S.W.2d 781 (1956).

Allegations in an indictment as to prior convictions are not part of the substantive offense, but are merely a guide for court or jury in fixing final punishment in the event of conviction. *Handy v. State,* 160 Tex.Cr.R. 258, 268 S.W.2d 182 (1954).

Former Article 63, Vernon's Ann.P.C., 1925, was in effect brought forward in the new Penal Code by V.T.C.A., Penal Code, § 12.42(d), and thus preserved. See Practice Commentary to V.T.C.A., Penal Code, § 12.42; *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975). Therefore, we adhere to our previous decisions and hold that the utilization of said § 12.42(d) does not place a defendant in double jeopardy by use of prior convictions to enhance punishment. See *Thomas v. State,* 543 S.W.2d 645 (Tex. Cr.App.1976), where the same contention advanced by the appellant was overruled.

Appellant's contention is without merit.

The judgment is affirmed.