Russell FRANCIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–94–0023–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 14, 1994.

Rehearing Overruled Feb. 6, 1995.

Joe A. Adamcik, Lubbock, for appellant.

Becky McPherson, Floydada, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant Russell Francis appeals from a conviction of delivery of a controlled substance by an offer to sell. After a finding of guilty by the jury, the court assessed punishment at ten years in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine.

In his first point of error, appellant contends that the evidence was insufficient for the jury to find beyond a reasonable doubt that he offered to sell cocaine. In his second point of error, appellant contends the evidence was insufficient for the jury to find beyond a reasonable doubt that the offer to sell was corroborated. In his third and final point of error, appellant argues that the statute under which he was convicted is unconstitutionally vague and that he was deprived of due process because the statute does not give reasonably clear notice of what behavior is being criminalized. We overrule appellant's three points of error and affirm the judgment of the trial court.

A brief recitation of the facts is necessary. Investigator David Brooks and Corporal Aubrey Stark of the South Plains Narcotics Task Force were in Spur, Texas, to conduct a "buy-bust operation." Officers Brooks and Stark were to buy cocaine and then immediately arrest the seller. A surveillance and arrest team was positioned to monitor and electronically record these transactions from a nearby van. The surveillance team was hidden in the back of this van driven by Officers Brooks and Stark, and the team monitored the transactions through an audio transmitter on the body of one of the officers.

On the day in question, the officers went to the residence of an alleged drug dealer to purchase crack cocaine and to arrest him pursuant to an already-issued arrest warrant. The alleged drug dealer told the officer that he did not have any crack cocaine but informed the officers that his neighbor, appellant, might have some for sale. The man looked out of a window indicating to the officers where appellant lived. The officers then left the residence and proceeded across the street to appellant's residence. At this point, the recording equipment malfunctioned and, therefore, the recordings of the transactions ceased. Although the recorder ceased to operate correctly, the audio transmitter continued to work correctly so that the surveillance team could still monitor the transactions.

Officers Brooks and Stark entered into a conversation with appellant. Officer Stark asked appellant if he remembered a previous drug transaction between the two. When appellant indicated he did not, the officer told appellant that he had "ripped off" the officer by selling him a substance appellant indicated was marijuana, but in fact was not. Appellant then indicated that he did remember the officer and that he would "make it up" to the officer. Appellant then asked the officers what they were looking for and Officer Brooks testified he asked for "two, $20 pieces of crack cocaine, two 20 rocks." Appellant then indicated that he did not have any, but he knew where he could get some. Appellant told the officers if they would drive him to a different location, he would get some for them. The officers agreed to this arrangement.

As the three approached the van, appellant unexpectedly opened the sliding door to the van, exposing the surveillance team. The officers placed appellant in the van and left the area. Appellant was subsequently ar-

rested and charged with delivery of a controlled substance by an offer to sell.

 Appellant contends that the evidence is insufficient to find that he offered to sell cocaine. In reviewing a challenge to the sufficiency of the evidence to support a conviction, the appellate court is required to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 160 (Tex.Crim.App. 1991). Under this standard, the appellate court may not position itself as a thirteenth juror in assessing the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). A verdict must stand unless it is found to be irrational or unsupported by more than a mere modicum of the evidence. *Id.*

The elements of the offense of delivery of a controlled substance are: 1) a person, 2) knowingly or intentionally, 3) delivers, 4) a controlled substance. Tex.Health & Safety Code Ann. § 481.112(a) (Vernon 1992); *Stewart v. State,* 718 S.W.2d 286, 288 (Tex.Cr. App.1986). Section 481.002 of the Health and Safety Code defines "delivery" of a controlled substance as:

> (8) "Deliver" means to transfer, actually or constructively, to another a controlled substance ... regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance....
>
> (9) "Delivery" or "drug transaction" means the act of delivering.

Tex.Health & Safety Code Ann. § 481.002(8) & (9) (Vernon 1992).

 In his first point of error, appellant contends that the evidence is insufficient for the jury to find beyond a reasonable doubt that appellant offered to sell cocaine. To support this contention, appellant first argues that the term "offer" in an "offer to

sell" has acquired a technical meaning in law and, as such, should be defined by the law of contracts. Appellant cites the Code Construction Act which states, "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex.Gov't Code Ann. § 311.011(b) (Vernon 1988). Since the phrase "offer to sell" is undefined in the statute under which he was convicted, appellant argues we should look to the law of contracts for a definition of "offer to sell." Appellant contends that pursuant to the law of contracts, the evidence is insufficient to support his conviction. We decline to accept appellant's invitation to give a civil law construction to a penal provision.

 We find the phrase "offer to sell" should not be defined under the law of contracts. When words in a statute or ordinance are not defined, they are ordinarily given their plain meaning without construction of penal laws or laws on other subjects, unless the statute or ordinance clearly shows they were used in some other sense. *Daniels v. State,* 754 S.W.2d 214, 219 (Tex.Crim. App.1988); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex.App.–San Antonio 1992, pet. ref'd).

 Appellant next argues that the evidence is insufficient to prove that he offered to sell cocaine because he never specifically stated that he had "cocaine" to sell. To support this argument, appellant relies on *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim. App.1991). In *Boykin,* the defendant was convicted of delivering a simulated controlled substance while expressly representing the substance he was selling was cocaine. *Id.* at 783. Upon review, the Court of Criminal Appeals held that the evidence was insufficient to prove the defendant expressly represented the substance he was selling to be cocaine. *Id.* The Court held that the statute under which the defendant was prosecuted required an express representation that the substance being sold was a controlled substance.[1] *Id.* at 186. *Boykin,* however,

---

1. Section 2 of Article 4476–15b of the Texas Revised Civil Statutes provided:

 A person commits an offense if the person knowingly or intentionally ... delivers a simulated controlled substance and the person:

interpreted a statute, the Texas Simulated Controlled Substance Act, which is not at issue in our case. As *Boykin* interprets a statute not at issue in our case, we find appellant's argument unpersuasive and inapplicable to our determination.

Appellant also relies on *Stewart v. State*, 718 S.W.2d 286 (Tex.Crim.App.1986), to support his argument that one must expressly state he has a controlled substance in order for a conviction for delivery by offer to sell to be valid. In *Stewart*, the Court of Criminal Appeals held that the offense of delivery by offer to sell "is complete when, by words or deed, a person knowingly or intentionally *offers* to sell what he states is a controlled substance." *Id.* at 288 (emphasis in original). However, the court in *Stewart* specifically abstained from addressing the issue of whether prosecution for delivery by an offer to sell might be possible when the defendant has not stated or shown that he has a controlled substance. *Id.* at note 2. With these facts now before us, we address this issue.

■ When delivery is by actual or constructive transfer, the substance must be proved to be a controlled substance. *Stewart v. State*, 718 S.W.2d at 288. However, when delivery is by an offer to sell, no transfer of a controlled substance need even take place. *Id.* As the court noted in *Stewart*, "[w]hen the prosecution involves delivery 'by offer to sell' that element can be met by the representation, by word or deed, that the person has a controlled substance to sell." *Id.* at 289. Therefore, neither the fact that appellant possessed a controlled substance at the time of the delivery, nor the fact that he did not actually or constructively transfer a controlled substance cannot preclude a finding of delivery by an offer to sell. All that need be found is that an offer was made by either words *or deed* which would indicate appellant intended to sell a controlled substance.

Although appellant did not expressly state he had "cocaine" for sale, Officer Stark's

testimony does indicate the appellant's offer was in direct reference to an inquiry as to whether he had two $20 pieces of crack cocaine for sale. Officer Stark testified that appellant said, "[h]e didn't have any but he knew where there were some was in Spur." We find that appellant's representations that he did not have "any" and that he would get "some" at a different location are in direct reference to the officer's request for a specific amount of cocaine. Furthermore, the officer testified that appellant stated he would drive with the officers and get "it" for them. This statement is also in direct reference to the officer's request for cocaine. Therefore, we find, in the light most favorable to the verdict, that appellant did, through his words, represent that he had cocaine to sell.

We also note that appellant's deeds could be considered by the jury in determining if appellant had made a delivery by an offer to sell. *Id.* at 288. The facts indicate appellant knew one of the officers from a previous drug transaction in which he sold the officer a substance he indicated was marijuana, but in fact was not. Upon confrontation at the time of the transaction in question, appellant indicated he would "make it up" to the officer and asked what he wanted. As previously noted, appellant indicated he did not have any crack cocaine with him but he would "get some" if the officers would drive him to a different location. Appellant then proceeded to the officers' vehicle.

First, under these specific facts, there is history of a previous transaction between one of the officers and the appellant. Second, a current transaction had been planned and agreed upon by both parties. Finally, appellant acted upon the agreed transaction and has begun to carry out the plan. The mere fact that appellant was stopped short of his intended purpose of an actual delivery does not negate the fact that he intended to make an offer to sell, a fact which appellant's words and deeds strongly indicate. Viewed under the totality of the circumstances, we

(1) expressly represents the substance to be a controlled substance [or]
(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance.

In 1989, Article 4476–15b was repealed and recodified in Chapter 482 of the Texas Health & Safety Code. Section 2 is now codified at Tex. Health & Safety Code Ann. § 482.002 (Vernon 1994).

find that a rational trier of fact could find beyond a reasonable doubt that the appellant offered to sell cocaine. Point of error one is overruled.

 In his second point of error, appellant asserts that the evidence was insufficient to support his conviction for delivery of a controlled substance by an offer to sell because there was no corroborating evidence of the alleged offer to sell. More specifically, appellant contends that the alleged corroborating testimony does not corroborate an offer to sell a controlled substance because there was never an offer to sell a controlled substance. Appellant does not contend that the conversation with the officers did not take place, nor does appellant claim that the other officers did not corroborate the conversation. Furthermore, appellant does not contend that the officers who participated in the transaction could not corroborate each other's testimony. Appellant merely contends there was no offer to sell; thus, there was no corroboration. Having found in our discussion of point of error number one that appellant did offer to sell a controlled substance, we find appellant's second argument moot. Therefore, appellant's second point of error is overruled.

 In his third and final point of error, appellant asserts that the statute under which he was convicted is unconstitutionally void for vagueness due to its failure to define the statutory phrase "offer to sell" as it would be applied to appellant's conduct. To support his argument, appellant correctly states that a statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden and the statute may not encourage arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Engelking v. State*, 750 S.W.2d 213, 215 (Tex.Crim.App. 1988). Appellant, however, assumes that the boundaries of an "offer to sell" are too nebulous if the term is not defined by its meaning under the law of contracts. Appellant is mistaken in this assumption.

The Court of Criminal Appeals has consistently held that a statute is not unconstitutionally vague merely because the words or terms used are not specifically defined. *Engelking v. State*, 750 S.W.2d at 215; *Ahearn v. State*, 588 S.W.2d 327 (Tex.Crim.App. 1979); *Passmore v. State*, 544 S.W.2d 399 (Tex.Crim.App.1976). The court has held, however, that a penal statute may be void for vagueness when it either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application. *Engelking v. State*, 750 S.W.2d at 215; *Ely v. State*, 582 S.W.2d 416 (Tex.Crim.App.1979). We find a man of common intelligence would understand the meaning of an "offer to sell." We hold, therefore, that the term "offer to sell" is not unconstitutionally vague as applied to appellant. Appellant's third and final point of error is overruled.

Accordingly, we affirm the judgment of the trial court.