**Randall Hage JAMAIL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 768–87.**

Court of Criminal Appeals of Texas,
En Banc.

March 21; 1990.

Rehearing Denied April 25, 1990.

J. Gary Trichter, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III, Mark L. Frazier, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.[1]

The appellant was convicted of driving while intoxicated following his plea of nolo contendere, which was based upon a negotiated plea bargain made pursuant to and in

---

1. This opinion was prepared by Judge M. P. Duncan, III, prior to his death and is adopted as the opinion of the Court.

compliance with Article 44.02, V.A.C.C.P. The trial court assessed appellant's punishment at 120 days confinement, probated for two years, and a monetary fine of $300.00. The First Court of Appeals affirmed the conviction, holding that the trial court correctly denied the appellant's motion to suppress evidence. *Jamail v. State*, 731 S.W.2d 708 (Tex.App.—Houston [1st Dist.] 1987).

We granted the appellant's petition for discretionary review to determine whether the court of appeals was correct in its conclusion that the trial court did not err in failing to suppress appellant's refusal to submit to the breath test. The appellant claimed that evidence of his refusal to take the breath test violated his rights to due course of law under the State Constitution and his concomitant federal right to due process of law. In addition, he claimed that such evidence was a violation of his rights to counsel under Article I, § 10, of the Texas Constitution or Article 1.05 of the Texas Code of Criminal Procedure.

■ Specifically, and relevant to his first ground for review, the appellant claims that evidence of his refusing to take the breath test should have been suppressed because the refusal was based on his inability to consult with an attorney before refusing the test. Therefore, according to the appellant, his due process rights were breached.[2] It must be emphasized that the appellant is not arguing that his refusal to take the test is absolutely inadmissible. Rather, he is arguing that when one's refusal is predicated on the absence of requested counsel an invalid inference of guilt accompanies the evidence of the refusal. Or, as the appellant states in his brief:

> When the trial court failed to suppress Appellant's alleged refusal it effectively equated his counsel['s] request to a refusal, i.e., an inference of guilt. Such a holding by the trial court violated the Appellant's due process rights because a

request for counsel cannot give rise to an inference of guilt.

After reviewing the videotape it is clear that the appellant's refusal to take the test occurred after he had repeatedly attempted to contact counsel. Moreover, the State does not contend otherwise. Consequently, we will accept that the appellant's refusal to take the breath test was based entirely upon his inability to obtain an attorney's advice prior to taking the breath test.

Although the appellant's argument is both unique and intriguing we nonetheless disagree. In *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), the Supreme Court concluded that there was no constitutional violation attendant to the admissibility of evidence of a suspect's refusal to submit to a blood test. In 1983 the 68th Legislature revised some of the laws relating to driving while intoxicated. Consistent with the Supreme Court's holding in *South Dakota v. Neville, id.*, the Legislature authorized as admissible evidence of a defendant's refusal to take a breath or blood test. Article 6701*l*–5, § 3(g), V.A.C.S., provides:

> If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

Clearly, the statute does not predicate the admissibility of such evidence on a reason for the refusal. Thus, if a refusal is found to be inadmissible it must be on constitutional grounds.

In *Forte v. State*, 707 S.W.2d 89 (Tex.Cr. App.1986) and *Forte v. State*, 759 S.W.2d 128 (Tex.Cr.App.1988), we found that one did not have a right to counsel before he decides to take or refuse a breath test authorized under Article 6701*l*–5, V.A.C.S. Therefore, when the appellant refused to submit to the breath test he had no statutory or constitutional right to consult counsel regarding the test. In other words,

---

**2.** The appellant requests relief under both the due process clause of the Fourteenth Amendment and the due course of law provision under Art. I, § 19 of the Texas Constitution. Both claims will be referred to as "due process."

when the appellant refused to take the breath test his reason for the refusal was based upon a right he did not possess: the right to consult with counsel.

The appellant argues that the refusal to take the test, because it was based on his request for counsel, should be treated differently than a refusal based on some other reason. He argues that an inference of guilt necessarily accompanies the refusal when it is based upon a suspect's request for counsel. In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Supreme Court held that it was a violation of due process to impeach a defendant's testimony with evidence of his post-arrest, post-*Miranda*[3] silence. Basically, the Court held that it was fundamentally unfair to promise a defendant that he has a right to remain silent and then violate that assurance by impeaching him when he invokes that right. In several cases that followed *Doyle* the Supreme Court distinguished the holding in *Doyle* or made exceptions to it. See *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980), and *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982). In *Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986), however, the Supreme Court followed *Doyle*. In *Wainwright v. Greenfield, id.*, after the defendant was arrested for sexual battery and given his *Miranda* warnings he elected to remain silent and requested an attorney. At his trial, the defendant claimed insanity. During final argument the prosecutor commented on the defendant's silence after his arrest and suggested that this was consistent with sanity.

After making its way through the Florida State courts and lower federal courts the Supreme Court granted review. The Supreme Court, as previously noted, applied *Doyle* and held that even when an insanity offense is pled the State cannot comment upon a defendant's post-arrest,

post-*Miranda* silence because to do so would be fundamentally unfair and a violation of due process.

The appellant cites *Wainwright v. Greenfield*, supra, in support of his argument that a similar rule should apply when a refusal to take a breath test is based upon the absence of counsel. In essence, the appellant argues that one's invocation of the right to silence and one's invocation of the right to an attorney carry the same adverse inference of guilt if such evidence is admitted at trial. We do not agree for several reasons.

First, the defendant had no right to counsel regarding the breath test. The appellant was not undergoing custodial interrogation because the breath test is not testimonial. Thus, he was not entitled to counsel under the self-incrimination clauses of either the Federal or State Constitutions. See both *Forte* cases, supra. In addition, because the proceeding had not reached the "critical stage" of the criminal process, the appellant had no right to counsel under the right to counsel provisions of either the Federal or State Constitutions. *McCambridge v. State*, 778 S.W.2d 70 (Tex.Cr.App. 1989).

Second, *Doyle v. Ohio*, supra, contrary to some opinions, did not hold that an inference of guilt invariably accompanies evidence of one's silence. Instead, the Supreme Court held that once a suspect is arrested and advised he may remain silent, as required by *Miranda v. Arizona*, supra, then his invocation of that right renders the silence "insolubly ambiguous." *Doyle v. Ohio*, supra 426 U.S. at 618, 96 S.Ct. at 2245. In other words, "[s]ilence in the wake of these warnings may be nothing more than the arrestee's exercise of these *Miranda* rights," *id.*, and not indicative of his guilt. Therefore, if post-*Miranda* silence does not carry the inference of guilt then one's request for counsel surely does not either.

Third, even assuming human nature and experience compel the conclusion that evidence of one's silence when confronted

---

**3.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.   1602, 16 L.Ed.2d 694 (1966).

with allegations of moral and/or legal improprieties inexorably create an inference of guilt, we do not agree with appellant that the same inference will accompany the request for counsel. As noted, the Supreme Court in *Doyle* more or less recognized this when it stated that "every post-arrest silence is insolubly ambiguous because ...," *id.,* at 617, 96 S.Ct. at 2244, of the *Miranda* warnings. However, the same cannot be said of one's right to counsel. Human nature and experience do not compel the conclusion that evidence of one requesting the assistance of counsel when confronted with allegations of moral and/or legal improprieties inexorably create an inference of guilt. And, neither the Supreme Court nor this Court has so held.

In fact, the concurring opinion in *Wainwright v. Greenfield,* supra, held to the contrary. In his concurring opinion, then-Justice Rehnquist criticizes the court of appeals' opinion that "expanded *Doyle* to cover not mere silence, but requests for counsel...." *Id.* 474 U.S. at 296, 106 S.Ct. at 641. The concurring opinion recognizes that because one's post-*Miranda* silence is by its nature "insolubly ambiguous," ("the defendant may be indicating he has nothing to say in his defense, or he may be relying on the assurance that he has a right to remain silent," *id.* at 297, 106 S.Ct. at 641) such evidence has no probative value. As the concurring opinion further observes:

> Similarly, a request for a lawyer has essentially no probative value where the question is one of guilt or innocence: No sensible person would draw an inference of guilt from a defendant's request for a lawyer after he had been told he had a right to consult one; it is simply not true that only a guilty person would want to have a lawyer present when being questioned by the police.

*Id.* at 297, 106 S.Ct. at 641–42.

We agree with such observations. Evidence that the appellant based his refusal to submit to the breath test on his request for an attorney does not infer his guilt.

■ In addition to his complaint that evidence of his request for an attorney carries an inference of guilt, the appellant also claims somewhat contradictorily that such evidence has no probative value. We do agree with this. Thus under Rule 402, *Tex.R.Cr.Evid.* such evidence should not have been admissible by the State because it was not relevant. That is, as stated previously, under the statute why one refuses to take the breath test is irrelevant to the State's case. Thus, as a technical matter such evidence was not admissible. However, this does not compel a reversal of the appellant's conviction because inasmuch as the evidence had no probative value we have no difficulty in concluding beyond a reasonable doubt that it did not contribute to the appellant's conviction or punishment.[4] Rule 81(b)(2), *Tex.R.App. Proc.*

Moreover, as a practical matter, from a defendant's position such evidence could be relevant and thus have probative value because it would tend to prove that his mental and physical state was such that he could think clearly enough to recognize he needed the assistance of a lawyer. Thus, although evidence that one based his refusal to submit to a breath test upon the failure to consult with counsel is not relevant to why he refused to take the test, it would be relevant to a defendant's claim that he was not intoxicated. In addition, such evidence would also be relevant and admissible to rebut the inference of guilt that does accompany evidence of one's refusal to submit to the breath test.

Consequently, the reason one refuses to submit to a breath test is irrelevant and inadmissible as a part of the State's case. Conversely, it would be relevant and admissible as a part of the defendant's case.

Accordingly, this portion of appellant's first ground for review is denied.

■ This leads us to the second prong of appellant's due process or due course of law claim: that he was deprived of fundamental fairness because the police officers

---

4. Furthermore, the appellant's punishment was assessed pursuant to a plea bargain agreement. Thus, it is virtually impossible that the error contributed to the punishment.

so mixed their request for a breath/blood sample with questions that amounted to custodial interrogation that appellant was led to believe that he was constitutionally entitled to consult with an attorney prior to deciding whether to submit to the chemical sobriety test. See *McCambridge v. State,* 712 S.W.2d 499, 506, n. 17 (Tex.Cr.App. 1986). The court of appeals disposed of this contention by concluding that it was of no merit because "... no testimony was presented at the suppression hearing that appellant was confused or misled by the police officers." *Jamail v. State,* supra, at 712. While the court of appeals reached the correct result it is our belief that it did not adequately address the grounds raised by appellant as there was sufficient evidence introduced at the plea to make a determination on the merits.

Viewing the videotape, which was introduced by the State, there is no question that appellant, after having been given his *Miranda* warnings by Officer Self upon entry into the videotape room, sought to terminate the entire videotape interview consisting of the initial warnings, a battery of motor skill examinations, an attempted interview concerning the offense and a request to submit to the breath test after being advised of his statutory warnings pursuant to Art. 6701*l*–5, § 2(b), supra. During his entire stay in the videotape room, appellant requested counsel several times and emphatically refused to submit to the breath test without first consulting with an attorney. It must be observed that the gravamen of appellant's complaint in this instance is not that he desired counsel prior to making a decision regarding the breath test but that the conduct or actions of the police officers confused or misled him to such an extent and to such a degree that he mistakenly believed that he was entitled to consult with an attorney prior to making his decision whether to submit to the breath test.

The videotape reveals that Officer Self specifically stressed to appellant that the *Miranda* warnings administered applied only to a custodial interrogation situation and could be invoked to questions asked relating to the offense. We can find nothing in the record, including the videotape, which suggest that the appellant was led to believe that he was entitled to consult with an attorney prior to submitting or refusing to take the breath test. The record indicates only that appellant desired to consult with counsel prior to submitting to the chemical sobriety test, not that the officer's actions or comments fostered or manifested an ambiguity regarding the appellant's constitutional right to the presence of an attorney. *Jamail v. State,* 787 S.W.2d 372 (Tex.Cr.App.1990). Therefore, this aspect of appellant's first ground for review is overruled.

Finally, in his last two grounds for review the appellant complains that the refusal to submit to the chemical sobriety test should have been suppressed as it was a fruit of a violation of his right to counsel under Art. I, § 10 of the Texas Constitution and Article 1.05 of the Texas Code of Criminal Procedure. This Court has previously decided that no such right emanates from either provision at the time one is requested to submit to a chemical sobriety test; therefore, these grounds for review are likewise overruled. *Forte v. State,* supra; *McCambridge v. State,* 778 S.W.2d 70 (Tex.Cr.App.1989) (Opinion on Remand).

Accordingly, the judgment of the court of appeals is affirmed.

CLINTON, J., dissents, and adheres to views previously expressed in *Forte* and *McCambridge.*

TEAGUE, J., dissents.