The STATE of Texas, Appellant,

v.

Victor Manuel VASQUEZ, Appellee.

No. 09–92–081 CR.

Court of Appeals of Texas, Beaumont.

Dec. 16, 1992.

Rehearing Denied Jan. 7, 1993.

D.C. 'Jim' Dozier, County Atty., Robert Bartlett, Asst. County Atty., Conroe, for State.

Charles T. Moreland, Willis, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

The State of Texas appeals the trial court's order granting appellee's motion to suppress. Victor Manuel Vasquez is charged with unlawfully carrying a weapon. The sole point of error urges the trial court erred in granting the motion to suppress evidence derived from appellee's detention and search.

Officer Mike Tindall testified that he and Officer Grasshoff were working a special "gang member identification" detail. They had information on the names and vehicles of known gang members. While driving through Pine Hollow Shopping Center, they observed a vehicle matching the description of a gang member vehicle pull up to a group of people identified as gang members. They followed the vehicle as it left the parking lot and proceeded southbound on Pine Hollow Drive. The officer candidly admitted they were following the vehicle for the purpose of "[o]bserving it and possibly, you know, stopping to possibly I.D. the two subjects." Tindall testified: "We received information before we did the special operation that this vehicle was possibly earlier in the day was supposed to have been involved in a drive-by shooting at Washington Junior High."

Tindall observed the driver pass through the intersection without stopping at the stop sign and without signalling the turn. The officers pursued the vehicle, activated the overhead lights, and asked the two occupants to exit the vehicle. Tindall stated that he felt there was a possible danger of guns being in the vehicle, because these were alleged gang members and the vehicle was possibly used in a drive-by shooting that day. A pat-down revealed the loaded .38 Rossi pistol stuck in the waistband of appellee's pants and a box of bullets in the left front pants' pocket. Vasquez did not contradict the officer's version of the facts, but challenged the search on the basis that the officer could not identify the source of the information on the drive-by shooting, other than that "It came down through the P.D.".

■ Regardless of their ulterior motives, the officers were justified in stopping the vehicle because they had observed two traffic violations. *See Hamilton v. State,* 831 S.W.2d 326, 331 (Tex.Crim.App.1992); *Garcia v. State,* 827 S.W.2d 937, 943 (Tex. Crim.App.1992). In fact, probable cause to stop the vehicle was not raised during the hearing before the trial court. The parties placed at issue only the officer's decision to take Vasquez out of the car and search him.

■ Appellee suggests that the officers arrested Vasquez by telling him to exit the vehicle. The officer did not testify that Vasquez was under arrest at that time. Vasquez cites no authority for the proposition that ordering a person out of a vehicle constitutes an arrest, and we decline to so hold. An arrest occurs when a person's liberty of movement is restricted or restrained. *Amores v. State,* 816 S.W.2d 407, 411 (Tex.Crim.App.1991). The officers did not remove Vasquez by force, draw their weapons, handcuff Vasquez, or place him in the patrol car. The facts establish that the initial detention was an investigative detention and not an arrest.

■ Circumstances short of probable cause for arrest may justify a brief detention. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The distinc-

tion between arrest and investigatory detention is crucial because an arrest must be supported by probable cause, while an investigatory detention, to be constitutionally valid, may be based upon a reasonable, articulable suspicion that the person detained is connected with criminal activity. *Amores,* 816 S.W.2d at 411–412. The officer must have specific, articulable facts, which in light of his experience and general knowledge, together with other inferences from those facts, would reasonably warrant the intrusion. *Dickey v. State,* 716 S.W.2d 499, 503 (Tex.Crim.App.1986).

■ An anonymous tip by itself is not a sufficient reason to stop a vehicle. *Ebarb v. State,* 598 S.W.2d 842, 845 (Tex.Crim. App.1979). The officers in *Ebarb* had no reason to detain the accused other than the anonymous tip; here the officers observed two traffic violations. The state had a valid reason to stop the car. At issue is the officer's decision to frisk the occupants.

■ "Once the valid traffic stop was made, officers at the scene were entitled to take sufficient measures to guarantee their safety. Police officers are allowed to order drivers out of their cars once they have been lawfully stopped for a traffic offense." *Goodwin v. State,* 799 S.W.2d 719, 727 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991). The officers were provided a specific description of a vehicle involved in a drive-by shooting that day. This vehicle matched that description. The officers observed the vehicle pull up and park in among a group of identified gang members. The intrusion involved is a pat-down for officer safety, not an extensive body search, a vehicle search, an arrest, or even questioning.

■ While the Fourth Amendment is implicated regardless of the extent of the intrusion, we must consider the relative level of suspicion and the amount of intrusion involved. Just as a "stop" is less intrusive than an arrest, a "frisk" is less intrusive than a search for evidence. *Ebarb,* 598 S.W.2d at 850. The state's burden in this situation is to articulate ob-

jective facts to support the officer's suspicion that Vasquez might be armed and dangerous. Under these facts, the state did not need to establish the reliability of the information the officers received from the Department in order to establish a reasonable belief that the detainee might be armed and justify the pat-down. The state produced uncontradicted, specific, articulable facts supporting the officer's decision to frisk Vasquez. We hold the trial court abused its discretion in suppressing the evidence seized as the result of a lawful search and seizure of Vasquez. The sole point of error is sustained. The judgment of the trial court is reversed and remanded for further proceedings.

REVERSED AND REMANDED.