Carlos **SALINAS,** Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 003-95, 004-95.

Court of Criminal Appeals of Texas,
En Banc.

March 22, 1995.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

BAIRD, Judge, concurring to the refusal of Appellant's Petition for Discretionary Review.

Although I join the Court's decision to summarily refuse appellant's petition for discretionary review, I write separately to address appellant's noncompliance with the Rules. Appellant's petition does not comply with Tex.R.App.P. 202(d)(4) which provides that grounds for review shall be stated in short form without argument.[1] Each of appellant's eleven grounds for review violate Rule 202(d)(4) and on that basis alone the petition should be refused. Additionally, each ground for review contains within it reasons for review. This is also improper because reasons for review are separate and distinct from grounds for review. Tex. R.App.P. 202(d)(5).

In *DeGrate v. State*, 712 S.W.2d 755 (Tex. Cr.App.1986), we stated that compliance with the applicable Rules of Appellate Procedure is required before we will exercise our discretionary jurisdiction. This petition is an example of the many petitions that we summarily refuse each week for noncompliance with the Rules. Petitions filed in noncompliance foreclose the opportunity for further appellate review and amount to nothing more than a waste of the petitioner's time and resources as well as the Court's time and resources.

With these comments, I join the decision to refuse appellant's petition for discretionary review.

---

**1.** For example, appellant's first ground for review states:

In overruling appellant's point of error no. 3 in his brief, the 13th Court of Appeals *reversibly erred by focusing* on the "shooting" *and ignoring* the "gun pointing" *and in not following* the stare decisis of *Mullins v. State,* 767 S.W.2d 166, 169–170 (Tex.App.—Houston [1st Dist.] 1988, no pet.), for the trial court should have charged the jury as to the lesser offense under V.T.C.A. Penal Code § 22.05(a) of reckless conduct in cause no. 13–93–059–CR since appellant was aware of the risk of placing Firmato Rodriguez in imminent danger of serious bodily injury and purposefully disregarded that risk *(recklessly) by pointing a firearm at or in the direction of another before shooting and firing a warning shot* at the club wall in the direction of Rodriguez, from which "pointing" conduct recklessness and danger are presumed under V.T.C.A. Penal Code § 22.05(b), and which "pointing" conduct placed Rodriguez from his own perspective in imminent danger of serious bodily injury, while Rodriguez ducked and stayed under a van adjacent to the club's entrance where in a wall block an investigator found a chip, which could have been caused by a bullet.