TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00566-CR







Richard Joseph Saye, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF COLLIN COUNTY


NO. 2-83349-93, HONORABLE JERRY LEWIS, JUDGE PRESIDING








 A jury found appellant guilty of the misdemeanor offense of driving while
intoxicated. See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws
1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended and codified at Tex. Penal
Code Ann. § 49.04). The trial court assessed punishment at confinement for 300 days in the
Collin County Jail. Jail time was suspended, and appellant was placed on probation for two years,
with a fine of $800 being assessed as a condition of probation. Appellant asserts two points of
error, contending the trial court erred (1) in allowing evidence to be admitted of appellant's
refusal to take a breath test and (2) in allowing the prosecutor to argue that such refusal supported
an inference of guilt. We will overrule appellant's points of error and affirm the judgment of the
trial court.

 The trial court held a hearing out of the presence of the jury following appellant's
objection to the State's introduction of a videotape taken of appellant immediately after his arrest. 
The basis of appellant's objection was that the audio portion of the tape contained appellant's
request for his constitutional right of counsel. The audio portion of the tape reflected that
appellant was warned of the consequences of a refusal to give a breath specimen in accordance
with statutory requirements. See Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 2(b) (West Supp.
1995). The tape also contained appellant's reply to the offer of a breath test in which he stated
that he would not agree to anything until he had an opportunity to consult with counsel. The trial
court permitted the videotape to be shown to the jury with the audio portion excluded. (1)

 Appellant urges that testimony of his refusal to take a breath test should not have
been admitted because there was no evidence offered in the presence of the jury that he was given
his DWI statutory warnings or that he refused a breath test. McKinney Police Officer Pete Copin
testified, without objection, that appellant was offered a breath test and that he did not take it. 
Appellant cites no authority to support his contention that evidence of statutory warnings
regarding the consequences of a refusal to take a breath test should have been presented in the
presence of the jury prior to the admission of Copin's testimony. Nor are we aware of any
authority that would support appellant's position. The matter of whether proper warnings were
given was a matter of law to be decided by the trial court. 

 It also appears that appellant is urging that the officer's testimony that appellant
refused to take a breath test is in conflict with the audio portion of the tape that was introduced
at the hearing before the trial court. If it be appellant's position that his invocation of the right
to counsel before taking a breath test does not constitute a refusal of such test, Jamail v. State,
787 S.W.2d 380 (Tex. Crim. App.), cert. denied, 498 U.S. 853 (1990), is adverse to such
contention. In Jamail, the court held that an accused has no right to counsel regarding the taking
of a breath test because a breath test is not testimonial. Id. at 381-82. The inference of guilt that
accompanies the refusal to take a breath test based on a request for counsel is treated no
differently than refusal based on any other reason. Id. at 382. Appellant's first point of error is
overruled.

 In his second point of error, appellant contends that the trial court erred in
overruling his objection to the prosecutor's argument that appellant's failure to take a breath test
constituted an inference of guilt because such argument was not supported by the evidence. Since
evidence of appellant's failure to take a breath test was properly admitted into evidence, the
inference of guilt that accompanies such refusal was a proper subject for the prosecutor to argue
before the jury. Appellant's second point of error is overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 30, 1995

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   In Hardie v. State, 807 S.W.2d 319 (Tex. Crim. App. 1991), the Court of Criminal Appeals
held that the audio portion of a videotape of the defendant's invocation of right to counsel was
inadmissible as evidence of the defendant's guilt of driving while intoxicated. The court reasoned
that evidence of an accused invoking his right to counsel may improperly be considered as an
inference of guilt. Id. at 322.