**Ex parte Randall Hage JAMAIL.**

**No. 1127–95.**

Court of Criminal Appeals of Texas,
En Banc.

June 5, 1996.

W. Troy McKinney, J. Gary Trichter, Houston, for appellant.

William Delmore, III, Asst. Dist. Atty., Houston, for the state.

*CONCURRING OPINION TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

My previous concurring opinion in this cause is withdrawn.

I concur in the decision to refuse appellant's petition for discretionary review but I do so because I believe the petition does not comply with the applicable rules of appellate procedure. Tex.R.App. P. 202(d)(9).[1]

Tex.R.App. P. 202(d)(5) provides that grounds for review shall be stated in short form without argument. Rule 202(d)(6) provides the reasons for review should be in the form of a direct and concise argument, with supporting authorities, amplifying the reasons relied upon for granting review. Rule 200(c) enumerates six reasons for review. *Reasons* for review are *separate and distinct* from *grounds* for review. The instant petition combines the two and, therefore, fails to comply with our rules.[2]

In *Degrate v. State*, 712 S.W.2d 755 (Tex. Cr.App.1986), we stated that compliance with the applicable Rules of Appellate Procedure is required before we will exercise our discretionary jurisdiction. This petition is an example of the many petitions we summarily refuse each week for noncompliance with those Rules. *Salinas v. State*, 897 S.W.2d 785, 786 (Tex.Cr.App.1995) (Baird, J., concurring).

With these comments, I concur in the decision to refuse appellant's petition for discretionary review.

---

1. Rule 202(d)(9) provides:
   The Court may strike, order redrawn or summarily refuse any petition for discretionary review that is unnecessarily lengthy or is not prepared in conformity with these rules.

2. For example, appellant's first ground for review states:
   The majority of the Court of Appeals erred in not addressing the actual issue raised by Appellant in this case because the majority erroneously concluded that some different issue had been previously raised and decided. Review is proper pursuant to Tex.R.App. P. 200(c)(5) because the justices of the Court of Appeals disagreed upon a material question of law necessary to its decision: namely, the issue raised by Appellant as a point of error as a result of their differing interpretations of this court's decisions in *Jamail v. State*, 787 S.W.2d 380 (Tex.Cr.App.1990), *Hardie v. State*, 807 S.W.2d 319, 321–322 (Tex.Cr.App.1991). Review is also proper pursuant to Tex.R.App. P. 200(c)(3) because the Court of Appeals has decided an important question of state law in conflict with prior decisions of this Court in *Jamail v. State*, 787 S.W.2d 380 (Tex.Cr.App. 1990), *Hardie v. State*, 807 S.W.2d 319, 321–322 (Tex.Cr.App.1991), and *Gipson v. State*, 844 S.W.2d 738 (Tex.Cr.App.1992).