**Donald Lee McCLAIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–97–00035–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 24, 1998.

Decided Nov. 25, 1998.

Opinion Overruling Rehearing Jan. 7, 1999.

J. Gary Trichter, J. Gary Trichter & Associates, Michael B. Charlton, Attorney at Law, Houston, for appellant.

William J. Delmore, Assist. District Attorney, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Donald Lee McClain appeals from his conviction for driving while intoxicated. We affirm the judgment.

McClain contends that his conviction should be reversed because the trial court (1) improperly refused to grant his motion to suppress; (2) erroneously refused to declare Section 724.061 of the Texas Transportation Code unconstitutional; and (3) erred in refusing to suppress evidence of his refusal of a breath test because of the warning officer's erroneous advice to him on the consequences of refusal.

A Houston police officer stopped McClain's vehicle after he observed it traveling in excess of the speed limit. The officer had McClain get out of his vehicle. McClain admitted to having consumed three beers. He failed field sobriety tests, and was taken to the police headquarters. After being given oral and written warnings, McClain refused to take a breath test. The police did make a videotape of McClain at the police department.

First, McClain contends that the trial court should have suppressed all of the State's evidence because his seizure was pretextual and made without any reasonable suspicion that he was engaged in criminal activity. Further, McClain alleges that the officer did not have probable cause to arrest him.

■ The initial burden on a motion to suppress rests on the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Ashcraft v. State*, 934 S.W.2d 727, 735 (Tex. App.-Corpus Christi 1996, pet. ref'd). When the defendant establishes that a warrantless arrest occurred, the burden shifts to the State to show that a warrant existed or that the warrantless arrest was justified by probable cause. *Russell v. State*, 717 S.W.2d at 9–10.

■ At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses, including the weight to be given to their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *Howard v. State*, 932 S.W.2d 216, 218 (Tex.App.-Texarkana 1996, pet. ref'd); *Laca v. State*, 893 S.W.2d 171, 177 (Tex.App.-El Paso 1995, pet. ref'd). We reverse a trial court's ruling on a suppression hearing only if the trial court clearly abused its discretion, *Cantu v. State*, 817 S.W.2d 74, 77 (Tex.Crim.App.1991), and we view the evidence and all reasonable inferences in the light most favorable to the trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Romero v. State*, 800 S.W.2d at 543.

■ McClain first argues that the evidence does not show adequate grounds for the initial traffic stop. The parties stipulated that the officer, who was a certified radar operator, concluded by use of a radar device that McClain was traveling forty-one miles per hour in a thirty miles per hour zone. A peace officer may arrest without a warrant a person who is observed speeding. Consequently, the officer had probable cause to stop McClain for speeding. *See* TEX. TRANSP. CODE ANN. §§ 543.001, 545.351, 545.352 (Vernon Pamph.1998).

■ McClain also contends that the officer did not have probable cause to arrest him for driving while intoxicated. Probable cause exists when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that, more likely than not, a particular suspect has committed an offense. *Hughes v. State*, 878 S.W.2d 142 (Tex.Crim.App.1992). After an officer

stops a defendant for a traffic offense, there must be additional facts constituting probable cause to arrest the defendant for driving while intoxicated. *Texas Dep't of Public Safety v. Rodriguez,* 953 S.W.2d 362, 364 (Tex.App.-Austin 1997, no pet.). There must be some causal link between the probable cause to stop the vehicle and the subsequent probable cause to arrest the motorist for driving while intoxicated. *Texas Dep't of Public Safety v. Rodriguez,* 953 S.W.2d at 364–65. The undisputed facts here justified the officer's belief that McClain was speeding. Additionally, McClain admitted to the officer, before he was asked to leave the car, that he had drunk three beers. This gave the officer probable cause to administer the field sobriety tests. *See generally, Tutt v. State,* 940 S.W.2d 114 (Tex.App.-Tyler 1996, pet. ref'd); *Hooker v. State,* 932 S.W.2d 712, 714 (Tex.App.-Beaumont 1996, no pet.); *Trent v. State,* 925 S.W.2d 130, 134 (Tex. App.-Waco 1996, no pet.); *Scott v. State,* 914 S.W.2d 628 (Tex.App.-Texarkana 1995, no pet.); *Raffaelli v. State,* 881 S.W.2d 714 (Tex. App.-Texarkana 1994, pet. ref'd); *Espericueta v. State,* 838 S.W.2d 880, 881 (Tex.App.-Corpus Christi 1992, no pet.). When McClain failed the field sobriety tests, the officer had probable cause to arrest and take McClain to the police station for further testing and videotaping. *Highwarden v. State,* 846 S.W.2d 479, 480 (Tex.App.-Houston [14th Dist.] 1993), *pet. dism'd per curiam,* 871 S.W.2d 726 (Tex.Crim.App.1994).

McClain also challenges the trial court's ruling that Section 724.061 of the Texas Transportation Code is constitutional. In reviewing the constitutionality of a statute, we must presume that the statute is valid and that the Legislature did not act unreasonably or arbitrarily in enacting it. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978); *Shannon v. State,* 800 S.W.2d 896, 899 (Tex.App.-San Antonio 1990, pet. ref'd). If the statute is capable of two constructions, one of which sustains its validity, we must give it the interpretation that sustains its validity. *Ex parte Granviel,* 561 S.W.2d at 511; *Shannon v. State,* 800 S.W.2d at 899. The burden is on the appellant to establish that the only possible construction of the statute renders it unconstitutional.

*Shannon v. State,* 800 S.W.2d at 899. TEX. TRANSP. CODE ANN. § 724.061 (Vernon Pamph.1998) provides:

> A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial.

McClain argues that this provision is unconstitutional because it does not require that the State establish a proper relevance predicate before introducing a defendant's refusal, and that its use of the word "may" renders the statute vague. Specifically, McClain argues that a defendant's refusal can be interpreted in two ways: either a defendant is saying he believes he is too intoxicated to pass the test, so he will not take it, or a defendant is saying he believes the test is too unreliable and will not give an accurate result. McClain says that the first interpretation is relevant but the second is not, and that the State should be forced to prove that his refusal was due to his belief that he would not pass the test.

These conflicting inferences do not render the statute unconstitutional. The refusal by an accused to give a breath or blood sample is not protected from admission into evidence by the state or federal constitutions or by Article 38.22 of the Code of Criminal Procedure. *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *McGinty v. State,* 723 S.W.2d 719, 721–22 (Tex.Crim.App.1986); *Thomas v. State,* 723 S.W.2d 696 (Tex.Crim.App.1986). A defendant has the right to introduce the reason he refused the breath test if it is relevant, *Jamail v. State,* 787 S.W.2d 380, 383 (Tex.Crim. App.1990), but our Court of Criminal Appeals has clearly held that the State is not required to introduce the reason the defendant refused to take a breath or blood test before it introduces evidence of the refusal. *Jamail v. State,* 787 S.W.2d at 383; *Gaddis v. State,* 753 S.W.2d 396, 398–400 (Tex.Crim.App. 1988). The trial court correctly refused to find the statute unconstitutional.

Next, McClain argues that Section 724.061 is unconstitutionally vague because it uses the term "may." The standard for determining whether a statute is unconstitutionally vague is whether people of common intelligence must guess at its meaning and would differ as to its application. *Passmore v. State*, 544 S.W.2d 399, 401 (Tex. Crim.App.1976). A statute that uses the word "may" is permissive rather than mandatory unless there is something in the statute to show a legislative intent that "may" is used in a mandatory sense. *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex.App.-Dallas 1994, no pet.); *Buttles v. Navarro*, 766 S.W.2d 893, 894 (Tex.App.-San Antonio 1989, no pet.). Reading the statute in the light most favorable to its constitutionality, the statute simply gives the State the discretion to admit the evidence of a defendant's refusal into evidence, but the State is not required to do so. A prosecutor generally has discretion to offer or not to offer evidence. Therefore, we hold that Section 724.061 is not unconstitutionally vague.

Lastly, McClain contends that all of the evidence based on his refusal to submit to a breath test should be suppressed because he was given incorrect admonishments before he refused to take the test, and that this erroneous information made his refusal involuntary. McClain was admonished as follows:

> If you give a specimen designated by me, and an analysis of the specimen shows that you have an alcohol concentration of a level specified in Section 49.01, Texas Penal Code, your licence, permit, or privilege to operate a motor vehicle will be automatically suspended for not less than sixty (60) days, whether or not you are subsequently prosecuted as a result of the arrest.

McClain argues that this is contradicted by TEX. PEN.CODE ANN. § 49.04 (Vernon 1994), which defines the offense of driving while intoxicated in terms of a .10 blood alcohol concentration at the time of driving. McClain contends the admonishment is incorrect because it fails to inform him that the .10 blood alcohol concentration must exist at the time he was driving.

The Texas Transportation Code merely states what information is required to be given to an accused before an officer can ask him to take a blood or breath test. The requirement to give such information does not affect the evidence necessary to convict the accused or the elements of driving while intoxicated. We conclude that the information given here was not so misleading that it affected a substantial right of McClain or affected his right to a fair trial.

The judgment is affirmed.

## ON REHEARING

One of the bases for McClain's motion for rehearing is that, contrary to what is said in our opinion, he did not admit, before getting out of his car, to having drunk three beers. McClain contends that this fact shows that the officer did not have probable cause to question or test McClain for driving while intoxicated.

The record is not clear as to whether McClain made the statement before or after he got out of his car, but even if he made the statement only after he was out of the car, it would not change our decision. An officer who stops a vehicle for speeding or other traffic violation may require the driver to get out of the car for further investigation purposes. *Glover v. State*, 870 S.W.2d 198 (Tex.App.-Fort Worth 1994, pet. ref'd); *State v. Vasquez*, 842 S.W.2d 841 (Tex.App.-Beaumont 1992, pet. ref'd). Once the driver has stepped out of his vehicle, the officer who hears or becomes aware of other evidence from or about the suspect that raises a reasonable suspicion that the driver is intoxicated has probable cause to conduct an investigation of possible driving while intoxicated.

The motion for rehearing is overruled.