**William HALBROOK, Appellant.**

v.

**The STATE of Texas, State.**

**No. 2–99–267–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 17, 2000.

Lloyd D. Odle, Lewisville, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Charles E. Orbison, Lori Moraine, Matt Shovlin, Asst. Dist. Atty., Denton, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

## INTRODUCTION

A jury convicted Appellant William Halbrook of driving while intoxicated (DWI) and sentenced him to 180 days' confine-ment and a $850 fine. The trial court suspended Appellant's sentence and placed him on community supervision for 24 months. In his sole point on appeal, Appellant argues that the trial court erred in allowing the jury to hear him invoke his right to counsel. Finding no reversible error, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 1997, Sergeant Kenneth Lombardo of the Lewisville Police Department pulled over Appellant for driving erratically. When Sergeant Lombardo approached the window of Appellant's truck, he smelled a strong odor of alcohol. Sergeant Lombardo also observed that Appellant was unsteady on his feet, that his speech was slurred, and that his eyes were red and bloodshot. When Sergeant Lombardo asked Appellant if he had been drinking, Appellant stated that he had consumed two beers at the VFW post. Appellant refused to submit to field sobriety testing.

Officers Jay Powell and Luis Flores arrived on the scene as back-up. They arrested Appellant for DWI, transported him to the Lewisville Police Department, and took him to the intoxilyzer room at the jail, where he was videotaped. When the officers asked Appellant for a specimen of his breath, the following exchange occurred between Appellant and the officers:

APPELLANT: Do I get an opportunity to have my attorney present?

OFFICER # 1: Not at this time you don't.

APPELLANT: Why not?

OFFICER # 1: Because that has nothing to do with your attorney at this moment.

APPELLANT: You're going to interrogate me without an attorney present?

OFFICER # 2: All he's asking is whether or not you will submit to a breath test. Will you submit to a breath test at this time?

APPELLANT: Are you asking me to give evidence against myself without an attorney present?

OFFICER #2: What he's asking you is to give a breath specimen without your attorney present.

APPELLANT: So you're asking me to give evidence against myself without an attorney present?

OFFICER #2: He's asking you to provide a breath specimen without anyone but the people in this room present.

APPELLANT: That's true. Without an attorney present, without legal counsel—to give up my right to counsel to do this, right?

OFFICER #2: Are you willing to give a breath test?

APPELLANT: Sure. Absolutely.

After Appellant agreed to submit to a breath test, the two specimens measured 0.145 and 0.147, which were above the legal limit.

Before trial, Appellant moved to suppress the above portion of the videotape because it contained his invocation of his right to counsel. The State contended that Appellant had not invoked his right to counsel. The trial court found that Appellant's statements regarding whether he could confer with counsel before taking the breath test did not constitute a request for counsel. The trial court admitted the videotape at trial, and the videotape, including Appellant's asking whether he could have an opportunity to have his attorney present, was played for the jury.

### INVOCATION OF RIGHT TO COUNSEL

■ In his sole point, Appellant argues that the trial court erred in allowing the jury to hear his invocation of his right to counsel. The State argues that Appellant never invoked his right to counsel. We first must determine when the right to counsel attaches. The court of criminal appeals has answered this question under both the Sixth Amendment and the Fifth Amendment to the United States Constitution.

■ In determining whether a defendant has the right to consult with counsel before deciding whether to take a breath test, the court of criminal appeals has held that a defendant's right to counsel under the Sixth Amendment to the United States Constitution and right to counsel under article I, section 10 of the Texas Constitution do not attach until the time formal charges are brought against a suspect.[1] A DWI defendant therefore does not have an automatic Sixth Amendment or article I, section 10 right to consult with counsel before deciding whether to take a breath test, if formal charges have not yet been filed.

The court of criminal appeals has also examined a defendant's right to counsel under the Fifth Amendment to the United States Constitution, stating,

unlike the right to counsel under the Sixth Amendment which attaches automatically, the right to counsel under *Miranda* is a prophylactic measure and is not inherent within the Fifth Amendment. The prohibition against continued questioning following an invocation of the right to counsel is "justified only by reference to its prophylactic purpose," that is to say, to protect a suspect *who has already invoked his right to silence* from being badgered into self-incrimination by continued questioning by the police. Accordingly, a court's focus is on whether a suspect *actually* invokes his right, and the inquiry is purely an objective one.[2]

1. *See McCambridge v. State*, 778 S.W.2d 70, 76 (Tex.Crim.App.1989), *cert. denied*, 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990); *Miffleton v. State*, 777 S.W.2d 76, 78 (Tex. Crim.App.1989); *Forte v. State*, 759 S.W.2d 128, 139 (Tex.Crim.App.1988); *Forte v. State*, 707 S.W.2d 89, 92 (Tex.Crim.App.1986).

2. *Dinkins v. State*, 894 S.W.2d 330, 351 (Tex. Crim.App.) (citations omitted and emphases

The United States Supreme Court has also addressed this issue:

Invocation of the *Miranda* right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning.

Rather, the suspect must unambiguously request counsel. As we have observed, "a statement either is such an assertion of the right to counsel or it is not." Although a suspect need not "speak with the discrimination of an Oxford don," he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.[3]

 Although Appellant correctly argues that a defendant's invocation of his right to counsel is not admissible as evidence of guilt,[4] his invocation of that right must be clear and unambiguous. We hold that Appellant's asking whether he could have an opportunity to have his attorney present did not constitute a clear and unambiguous invocation of his right to counsel.[5] Additionally, the court of criminal appeals has held that, under the self-incrimination clauses of the United States and Texas Constitutions, a defendant does not have the right to consult counsel before deciding whether to take a breath test because a breath test is not testimonial and therefore does not submit the defendant to custodial interrogation.[6] We hold that the trial court did not err in admitting the videotape.

## HOLDING

We overrule Appellant's sole point on appeal and affirm the trial court's judgment.

in original), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995).

3. *Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362 (1994) (citations omitted and emphasis in original); *accord Dinkins*, 894 S.W.2d at 351–52.

4. *See Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim.App.1991).

5. *See Davis*, 512 U.S. at 462, 114 S.Ct. at 2357 (holding that petitioner's remark "Maybe I should talk to a lawyer" was not invocation of right to counsel).

6. *See Jamail v. State*, 787 S.W.2d 380, 382 (Tex.Crim.App.), *cert. denied*, 498 U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 115 (1990).