NUMBER 13-99-812-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


TEXAS DEPARTMENT OF 

PUBLIC SAFETY
, Appellant,


v.



REID EVAN BOECK
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 4


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Castillo, and Cantu(1)


Opinion by Justice Dorsey



 This case is the appeal of the county court at law's reversal of an
administrative decision suspending Reid Evan Boeck's driver's license
for a period of sixty days. Boeck appealed the administrative decision
to the Hidalgo county court at law. The county court at law reversed
the administrative decision. TDPS here appeals the decision of the
county court at law. We reverse the county court at law decision and
affirm the administrative decision.

Review of an Administrative License-Suspension Decision



 Review of an administrative license suspension decision should be
extremely deferential. The Texas Supreme Court has explained:

 [C]ourts review administrative license suspension decisions
under the substantial evidence standard. A court applying
the substantial evidence standard of review may not
substitute its judgment for that of the agency. The issue for
the reviewing court is not whether the agency's decision
was correct, but only whether the record demonstrates
some reasonable basis for the agency's action. Courts must
affirm administrative findings in contested cases if there is
more than a scintilla of evidence to support them. In fact, an
administrative decision may be sustained even if the
evidence preponderates against it.


Mireles v. Texas Dept. of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999)
(internal citations omitted).

 The government code confirms that under the substantial
evidence rule, a court may not substitute its judgment for the judgment
of the state agency on the weight of the evidence on questions
committed to agency discretion but:

 (1) may affirm the agency decision in whole or in part; 
and


 (2) shall reverse or remand the case for further
proceedings if substantial rights of the appellant have
been prejudiced because the administrative findings,
inferences, conclusions, or decisions are:


 (A) in violation of a constitutional or statutory
provision;


 (B) in excess of the agency's statutory authority;


 (C) made through unlawful procedure;


 (D) affected by other error of law;


 (E) not reasonably supported by substantial
evidence considering the reliable and probative
evidence in the record as a whole; or


 (F) arbitrary or capricious or characterized by
abuse of discretion or clearly unwarranted
exercise of discretion.


Tex. Govt. Code Ann. § 2001.174 (Vernon 2000). In applying those
principles to the agency decision in this case, we affirm the decision of
the agency, and, accordingly, reverse the decision of the county court
at law.

Administrative Hearing on License Suspension


 The issues that must be proved by a preponderance of evidence
at the administrative suspension hearing are (1) whether:

 (A) the person had an alcohol concentration of
[.08] while operating a motor vehicle in a public
place; or


 (B) the person is a minor and had any detectable
amount of alcohol in the minor's system while
operating a motor vehicle in a public place; and


 (2) whether reasonable suspicion to stop or probable
cause to arrest the person existed.


Tex. Transp. Code Ann. § 524.035 (Vernon 1999). Boeck contends that
the officer who stopped him was without probable cause to arrest him.

 The evidence showed that Officer Cruz testified in person at the
administrative suspension hearing. Officer Cruz stated that he stopped
Boeck for driving on the wrong side of the road, though his report
indicated he stopped Boeck for failing to maintain a single lane. After
stopping Boeck, he observed that Boeck smelled of alcohol, had
bloodshot eyes and slurred speech. Because Boeck is confined to a
wheelchair, Cruz did not conduct field sobriety tests on him, but placed
him under arrest for suspicion of driving while intoxicated. See Tex.
Pen. Code Ann. § 49.04 (Vernon Supp. 2001). After Boeck was placed
under arrest, he was taken to the station and offered a breath test. He
took the test, and it indicated his blood alcohol content was .20, over
twice the legal limit. See Tex. Pen. Code Ann. § 49.01 (Vernon Supp.
2001). Both the arrest report and the results of the breath test were
admitted into evidence at the administrative hearing.

 Boeck stipulated that Officer Cruz had a reasonable suspicion to
stop him. After an officer stops a defendant for a traffic offense,
additional facts must exist constituting probable cause to arrest the
defendant for driving while intoxicated. See Chapnick v. State, 25
S.W.3d 875, 877­88 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd.);
McClain v. State, 984 S.W.2d 700, 702-03 (Tex. App.--Texarkana 1998,
pet. ref'd.). "Probable cause exists where the police have reasonably
trustworthy information sufficient to warrant a reasonable person to
believe a particular person has committed or is committing an offense." 
Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). "[I]t
requires more than mere suspicion but far less evidence than that
needed to support a conviction or even that needed to support a finding
by a preponderance of the evidence." Id.

 A person commits the offense of DWI if he is intoxicated while
operating a motor vehicle in a public place. See Tex. Pen. Code Ann. §
49.04 (Vernon Supp. 2001). "Intoxicated" means: (1) not having the
normal use of mental or physical faculties by reason of introduction of
alcohol or other substances in the body; or (2) having an alcohol
concentration of 0.08 or more. See Tex. Pen. Code Ann. § 49.01 (Vernon
Supp. 2001).

 The administrative law judge's findings of fact state:

 1. On the 3rd day of April, 1999, reasonable suspicion
to investigate the defendant existed in that the arresting
officer, Patrolman Juan Cruz, Jr., of the McAllen Police
Department, saw defendant driving a Chrysler Sebring
southbound on North 29th Street, a public street in McAllen,
Hidalgo County, Texas.


 2. The officer who was driving northbound, saw
defendant drive his automobile over the center line into the
oncoming officer's lane, almost causing an accident. 
Defendant's driving was erratic and a safety hazard to
himself and others.


 3. On the same date, the officer noted that defendant
had a strong odor of an alcoholic beverage on his breath,
bloodshot eyes, slurred speech, and an unsteady balance as
he exited his vehicle. . . . Defendant is physically
handicapped and uses a wheelchair.


 4. On the same date, probable cause existed to believe
and arrest Defendant for operating a motor vehicle in a
public place while intoxicated, because in addition to the
facts in No. 2 and 3 above, the arresting officer was unable
to conduct field sobriety tests due to the physical handicap
of Defendant.


 5. Defendant was placed under arrest and properly
asked to submit a specimen of breath or blood as
demonstrated by the Department's statutory warning form.


 6. Defendant was operating a motor vehicle with an
alcohol concentration of 0.10 grams or more of alcohol per
210 liters of breath as determined by Defendant's
submission to a breath test, and specifically the results were
0.202 and 0.209.


 We hold that administrative law judge did not err in finding that
the officer had probable cause to arrest Boeck for driving while
intoxicated. Accordingly, the decision of the county court at law is
reversed, and the administrative decision is affirmed.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 26th day of April, 2001.

1. Senior Justice Antonio G. Cantu assigned to this court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1998).